### FROST *vs.* DUNCAN and MURPHY.

Previous to the code, the law gave no right of action to an owner of land out of possession, for injuries to the land; and it gives none now. The code has not changed the rule, or given a right of action, where none existed before.

Although the owner of land, who is not in possession, may maintain an action for the value of trees, after the same have been severed from the freehold, against any one but those who have severed the trees, yet where the action is against persons who are in the actual possession of the land, claiming the same under a deed, and the complaint alleges that the defendants wrongfully entered upon the plaintiff's land, and felled the trees and timber standing thereon, and burned the same into coal, and converted the coal to their own use; the two causes of action are improperly joined, and the plaintiff cannot recover.

MOTION by the plaintiff, for a new trial, upon exceptions taken at the circuit. The plaintiff was nonsuited on the trial.

*Geo. W. Paine,* for the plaintiff.

*J. F. Barnard,* for the defendants.

*By the Court,* S. B. STRONG, J. The complaint contains but one count. It sets forth that the defendants wrongfully entered upon the plaintiff's land, felled the trees and timber standing and growing thereon, burned the same into coal, and converted such coal to their own use. Confessedly, the land was in the actual possession of the defendants, who claimed it under a deed executed about seventeen years before the perpetration of the alleged wrongs. The charges for a wrongful entry and felling the wood and timber were for injuries to the land; and at common law could not have been sustained, except by the possessor. The plaintiff's counsel contended, on the argument, that the code of procedure had changed the rule, and that as there was clearly a wrong, there might be a direct redress without resorting to the pre-existing circuitous remedies. Undoubtedly the code has essentially changed the remedy; but it has not given a right of action where none existed before. At common law there was no right of action, for injuries to land, by an owner out of possession. If he had partially parted with the possession, and reserved some possessory rights, he could then

Frost *v.* Duncan.

sustain an action for their invasion. And so, too, one wrongfully dispossessed might, on being reinstated, recover for intermediate injuries ; but that was on the principle that the restored possession related back to the time of the actual ouster. These exceptions, if they can be so considered, do not weaken, but rather confirm, the general rule. As the law gave no right of action to an owner out of the possession of land, for injuries to it, previous to the adoption of the code, it gives none now. The code does not constitute any new cause of action.

The plaintiff's counsel further contended that the wood and timber, after it had been severed, became the personal property of the plaintiff ; that it was then constructively in his possession, and he could maintain an action for its subsequent conversion. Probably he could have recovered against any one but those who had severed the trees from the freehold. But the action is against them, and the complaint alleges a single grievance, commencing with the entry upon the land and the prostration of the trees, and ending with their transmutation into coal, and conversion to the defendants' use. When there is but one complaint, and the transactions are continuous, the consequential acts are characterized by the primary and principal transaction, and they cannot be severed so as to give separate actions, governed by discrepant principles. In the case of *Schermerhorn* v. *Buell*, (4 *Denio*, 424,) cited by the plaintiff's counsel, Chief Justice Bronson draws a distinction between cases by owners of land out of possession where there is a continuous agency, and where a considerable time elapses between the prostration of the wood and its conversion, and supposes that an action of trespass might be sustained in the latter case, but not in the former.

In this case, the plaintiff has united the causes of action, and we cannot sever what he has thus joined together. The major cause of action fails, and the minor must fail with it.

The plaintiff was rightly nonsuited, and the judgment should be affirmed.

[Kings General Term, January 2, 1855. *S. B. Strong, Rockwell* and *Dean*, Justices.]