HOTCHKISS and others *vs.* THE AUBURN AND ROCHESTER
RAIL ROAD COMPANY.

Where proceedings were taken by the Auburn and Rochester Rail Road Com-
pany, before a county judge, under the acts of 1836 and 1838, incorporating
said company, for the appointment of a jury of appraisers to assess the
value of the land required for the construction of its road through a par-
ticular county, and one of the owners of land taken was an infant; *it was
held* that it was indispensable that some proper person should be appointed
to appear for such infant before the jury of appraisers, to represent her,
and attend to her interests, on the appraisement.

*Held also*, that although an attorney was appointed to appear before the jury
and protect the interests of the infant, on the appraisement, yet if he
failed to attend before the jury, or to represent her interests there, his ap-
pointment was nugatory.

That the statute was not complied with simply by the making an appointment
of an attorney for the infant owner, by the county judge, sufficient in form;
but that it was the duty of the rail road company to see that some reliable
person was appointed, residing in the vicinity, who should in fact personally
appear before the jury and protect the interests of the infant. And that
until such appointment and appearance, the jury had no jurisdiction of her
person, to entitle them to proceed to appraise the land, or the damages for
taking the same.

The statute was designed to secure the actual attendance of some fit person,
before the jury, as guardian or attorney, to attend personally to the inter-
ests of the infant upon the appraisement. And without such appearance,
all the doings of the jury, in the proceeding, are entirely unauthorized and
void.

Upon the death of a person seised of real estate, all claim for damages done
to the estate, and for the rents and profits thereof, down to that time, go to
his executor, and belong to the personal estate. Therefore, in ejectment,
brought by devisees, the plaintiffs are only entitled to recover the posses-
sion of the premises, with damages for withholding the same, and the rents
and profits thereof, from the time their title to such rents and profits accrued.

A claim for damages done to land occupied adversely by the defendant can-
not be sued for and recovered until after the plaintiff has recovered posses-
sion. A claim for injuries of that nature cannot be united with a claim to
recover the possession of the land.

Under section 67 of the code, a plaintiff may unite a claim to recover the pos-
session of land with a claim for damages for withholding the same, and for
the rents and profits.

But this provision gives no new rights of action; and the plaintiff is not bound
to elect, as between those causes of action, which he will go for.

THIS action was brought by Leman B. Hotchkiss and Lucretia his wife, to recover the undivided half of 3 6-10th acres of land in the town of Phelps, county of Ontario. The action was commenced on the 17th day of May, 1849, and was tried in February, 1861. It was proved or admitted on the trial that Thaddeus Oaks, of the town of Phelps, died in 1824, seised of a farm in that town, called the Oaks farm, embracing the premises in question, leaving him surviving his wife Fanny, and two children, Nathan and Lucretia; that Thaddeus Oaks had owned and possessed such farm, and had lived and resided upon it, in the town of Phelps, from the year 1800 until he died. Fanny Oaks intermarried with Elias Cost in 1828. Mr. Cost died in 1850, and Mrs. Cost in 1851. Lucretia Oaks married Leman B. Hotchkiss on the 1st May, 1844, and died July 31, 1855, leaving five children, viz: Thaddeus O., Nathan, William B., Fanny T. and Alice L. Hotchkiss. Lucretia Hotchkiss was born March 4, 1824. She was born on the Oaks farm, in the town of Phelps, and lived and resided thereon, in such town, from her birth, with her mother and in her family, until she married Leman B. Hotchkiss; and during that period she was only temporarily absent at school, at different times in 1839, 1840 and 1841. Her residence and domicil was in the town of Phelps from her birth until her marriage. The defendant took possession of the premises in question in May, 1841, and constructed a rail road thereon, by making excavations and embankments, and laying and completing the track, and soon after, and in July, 1841, commenced running their cars on the road; and ever since taking possession the defendant has retained the possession and used the land for the purpose of its track and the running of its cars, and the operation of the said road, holding exclusive possession and claiming exclusive title, and denying the right of Nathan Oaks and Mrs. Hotchkiss and the plaintiffs to any interest therein. After Cost married Mrs. Fanny Oaks, Lucretia lived in their family, in the town of Phelps, and on the Oaks farm, until she married L. B.

Hotchkiss. Cost sent her to school at Albany in September, 1840, where she remained, at school, until September, 1841. She died July 31, 1855, after the commencement of this suit, leaving five children, all under the age of twenty-one years. On the 27th of September, 1858, Leman B. Hotchkiss as executor of the will of Mrs. Hotchkiss, and the said children by their father as guardian ad litem, were substituted as parties plaintiff in the action in the place and stead of the said Lucretia, by an order of the court. The annual value of the premises in question, (the part of the Oaks farm taken by the defendant,) for farming purposes, in the condition they were in when the said road was built, was from $4 to $6 per acre. The damage to the land by reason of the excavation and embankment was $200. The land was worth from $60 to $100 an acre. There was a building on the premises worth $100 when the rail road was made, belonging to Cost, who removed it and sold it to the defendant for $200. The plaintiff's counsel presented in evidence a statement of rents and profits and damages, and of the interest thereon, as claimed by the plaintiffs. The statement embraced annual charges on 3 6-10th acres, (the number of acres in the premises aforesaid,) at $25.20 a year, from 1842 to 1861, with interest on each annual charge from the date thereof to the day of the trial; and also charges for damages to the land $200, and removing the building $200, with interest on each of these items for 20 years. The defendant objected in due time to the evidence of damages to the premises and for removal of the building, and to the evidence and claim of rents for the whole period exceeding six years, and of all rents prior to the death of Lucretia Hotchkiss, and to interest on the rents and damages as claimed in such statement; and excepted to the decisions of the court receiving such evidence and allowing such claims. The plaintiffs also read in evidence an order obtained by default, at a special term, on the 27th September, 1858, directing that L. B. Hotchkiss, as executor &c. of Lucretia Hotchkiss, &c. and her said five

children, be substituted plaintiffs in place of Lucretia Hotchkiss, deceased. The introduction in evidence of this order was objected to by the defendant. The plaintiffs also introduced in evidence a special term order made November 12, 1860, denying a motion to set aside such order for substitution. The defendant, to establish title in itself, introduced evidence of proceedings for the appraisement of the premises in question proposed to be taken for the construction and accommodation of its rail road, as against Nathan and Lucretia Oaks, under the act (chap. 290) to amend the act for the construction of the defendant's rail road, passed April 18, 1838. (*Laws of* 1838, *p.* 282.) All the proceedings required by the act, including the certificate of location, were proved by competent evidence, by the production of the originals, or by the record of the same, or sworn copies, except the petition, which having been lost, and due proof of its loss having been introduced, its existence in due form, and also its contents and verification, were proved by Amos Jones, the judge to whom it was presented, and who made the order for drawing the jury, &c. The notice of the drawing of the jury of appraisers, required by the 3d section of the act aforesaid, was served upon Lucretia Oaks, as required by that section, by leaving the same, on the 15th February, 1841, at her place of residence in Phelps, with her mother, at the house of Mr. and Mrs. Cost, where Lucretia resided; she, at the time of such service, being absent from home. A like notice was served upon Lucretia Oaks, of the meeting of the jury of appraisers, in like manner, on the 6th March, 1841. The defendant introduced in evidence a deed in trust from Lucretia Oaks to Willard Wells, dated 29th April, 1844, of all her lands in Phelps, embracing the premises in question, which divested her of all estate in the same. The defendant claimed that this deed showed that neither Leman B. Hotchkiss or Lucretia Hotchkiss had any such title to or estate in the premises in question as enabled them to sustain this action. The deed also contained an admission on the

part of Mrs. Hotchkiss that she was not the owner of the premises in question. The defendant also introduced in evidence the will of Lucretia Hotchkiss, dated the 12th January, 1850, made and executed under a power reserved by her in the deed to Willard Wells, in which she gave and devised all her real and personal estate to her said five children, &c. and appointed her husband L. B. Hotchkiss their guardian, until they should attain 21, and gave him the power to use, occupy and control, as such guardian, for the use and benefit of such children, the said real and personal estate so devised and bequeathed to them. The defendant's counsel moved the court that the plaintiffs be required to elect which cause of action they would insist upon ; whether the claim for injuries to the premises by the defendant, or the claim for the recovery of the premises, the two claims being inconsistent with each other. The court denied the motion, and the defendant excepted. The defendant also objected that the plaintiffs had no right to recover in this action any damages for injuries claimed to be done to the premises by the defendant, by the excavation or embankment, or any damages for the removal of the building, for the reasons before stated, and requested the court to decide and direct the jury to reject these claims. The court refused so to decide and direct, &c. The defendant then objected, and insisted that the plaintiffs, if entitled to recover rents and profits, could only recover them for the period of six years, and could not recover any prior to the death of Mrs. Hotchkiss, and requested the court to so decide and direct the jury; and the court refused to so decide and direct. The defendant's counsel also insisted that the order of substitution was void, &c. and moved that the complaint be dismissed on that ground, and upon the ground that the order of substitution being void, and Lucretia Hotchkiss being dead, the complaint did not contain facts sufficient to constitute a cause of action. The court denied the motion.

The defendants' counsel then moved that the complaint be dismissed upon the following grounds, viz :

"1. The order of 27th September, 1858, for the substitution of L. B. Hotchkiss as executor, &c. of Lucretia Hotchkiss, deceased, and Thaddeus O. Hotchkiss and others, infants, by L. B. Hotchkiss, their guardian ad litem, as parties plaintiffs, in the place of Lucretia Hotchkiss, deceased, is absolutely void, having been applied for and made after the expiration of one year from the death of Lucretia Hotchkiss. The action could only have been continued at the date of the order and of the application for same by supplemental complaint. If the order of substitution is void, the children and devisees of Lucretia Hotchkiss are not parties to the action, and L. B. Hotchkiss cannot recover any thing under the original complaint, neither the premises, nor rents and profits, or damages.

2. The original complaint does not state facts sufficient to constitute a cause of action either in favor of L. B. Hotchkiss, in his own right, or as executor, &c., or guardian, or in favor of the infant children of Lucretia Hotchkiss, named in said order ; nor does such complaint, upon the assumption that such order of substitution is a valid order, contain facts sufficient to constitute a cause of action in favor of either of the said parties.

3. If the parties named in such order are to be deemed as substituted as plaintiffs as aforesaid, the complaint is void for a misjoinder of parties, and of causes of action, viz. in uniting in the complaint L. B. Hotchkiss, as executor, &c. as a party plaintiff with the other parties as plaintiffs in their own right ; and in uniting a claim for injuries to the premises in question committed by the defendant while in possession, and the plaintiffs, or Lucretia Hotchkiss, not having regained possession when the action was commenced, with a claim for the recovery of the said premises from defendant, the defendant being in possession when the action was instituted ; and also in uniting in the complaint a claim in the favor of

L. B. Hotchkiss as executor, &c. with a claim of his to real estate in his own right, and also with a claim of his children to real estate. The defendant having had no opportunity to demur or answer the complaint since the order of substitution was made, the objection for misjoinder can now be taken.

4. There is no issue of fact or law existing between the plaintiffs and the defendant. The original complaint has been abandoned, and no answer or demurrer has been interposed to the complaint since the substitution; the defendant has not been allowed an opportunity to put in either; no supplemental or amended complaint has been served on the defendant.

5. Neither L. B. Hotchkiss in his own right, or his children, have shown any present title or present right of possession to the premises in question. The evidence does not show that L. B. Hotchkiss has any title as tenant by curtesy, but shows the contrary; and if he had shown this, no such claim or cause of action is stated in the complaint.

6. Under the complaint, L. B. Hotchkiss cannot recover the premises as guardian of such children, no such title is set forth in the complaint; and the complaint cannot be amended by inserting therein such cause of action if it exists; it being an entirely different cause of action from those stated in the complaint.

The causes of action set forth in the complaint if any, are wholly unproved.

The complaint cannot be amended by inserting a new cause of action.

7. The plaintiffs should have been compelled to elect for which cause of action they or either of them will proceed, either the claim for injuries to the premises by the defendant, or the claim for the recovery of these premises; these two claims are inconsistent with each other, and the plaintiffs should also have been compelled to elect whether they or either of them will proceed for any claim of L. B. Hotchkiss as executor, &c., or for the recovery of the real estate.

The plaintiffs not having elected, have no right to recover at all.

8. Neither the plaintiffs nor either of them, if entitled to recover, can recover in this action any damages except for the rents and profits which may have been withheld by the defendant, and only rents and profits for six years in all, and no rents and profits, or damages prior to the death of Lucretia Hotchkiss.

9. The defendant has made out a perfect title to the premises under the proceedings of appraisement put in evidence; such proceedings are in all respects regular and valid, and have been established by competent evidence.

10. The jurisdictional facts necessary to give the county judge jurisdiction, have been proven by competent evidence.

11. The plaintiffs have shown no title to the premises in question, nor have any of them shown any title thereto."

The court denied the motion to dismiss the complaint, and the defendant's counsel then excepted.

The counsel for the plaintiffs presented the following points:

" 1. It does not appear that the directors caused such examinations and surveys to be made as might be necessary to the selection by them of the most advantageous route for their road.

2. It is not proved that a petition complying with the requirements of the statute was presented to the judge; and that was the first step, after making surveys and filing certificates of location, to be taken by the defendant for the purpose of acquiring titles to the premises; also it is not proved that an order or appointment was thereupon made in respect to the drawing of the jury and the services of notices as prescribed by the statute.

3. It is not proved that notice of the drawing of the jury appraisers was served personally on Mrs. Hotchkiss: the contrary appears.

4. It appears that Mrs. Hotchkiss, during the proceed-

ings to acquire titles, resided in Albany, and service of notice, by leaving it at her former residence in Phelps, could not avail.

Services by posting could only be made after proof on oath, to the satisfaction of the judge, that she had no residence in the county of Ontario, and no such proof was given; at least such proof was required to render services by posting sufficient.

The notice, which it is claimed by the defendant was served, was invalid in not having been signed by the directors in their names or by their authority, and in not having been authorized by them.

5. It does not appear that due proof of the service of the notice upon Mrs. Hotchkiss of the drawing of the jury was made before the drawing thereof, as required by the act.

The recital in the order of the judge is not proof, not being made so by law; nor is the certificate of the appraisers, which embraces the substance of the order, evidence of the service. It is made evidence of their appointment and subsequent proceedings, not of any thing previous to their appointment.

6. It does not appear that due proof was made to the appraisers of the service of the notice of their first meeting.

The affidavit should have stated where the service was made. Due proof could not be made by affidavit.

7. It does not appear that Thomas Smith, the person appointed to appear for Mrs. Hotchkiss to represent her interests before the appraiser, appeared before the jury of appraisers; but the contrary is shown. Also, it is not proved that notice of the meeting of the jury of appraisers was served on Mr. Smith.

8. The damages of Mrs. Hotchkiss were not separately specified, and paid or deposited in bank to her credit.

9. It was irregular and improper to assess any proportion of the damages to Mr. and Mrs. Cost, or deposit the damages to their credit in connection with Mrs. Hotchkiss and her

brother. Besides, the damages of Mr. and Mrs. Cost had been released.

10. It is not proved that the appraisers assessed the value of the land proposed to be taken. The value should have been stated in the certificate of the appraisers."

The jury, under the direction of the court, rendered a verdict in favor of the plaintiffs for an equal undivided half of the premises described in the complaint, assessing the damages of the plaintiffs for withholding thereof at $900, and the defendant excepted to the decision. The court thereupon granted an order allowing the defendant sixty days to prepare and serve a case and exceptions, and allowing the plaintiffs the same time to prepare and serve amendments, and that the same be heard in the first instance at the general term, and that all proceedings be stayed until the hearing and decision of the same at general term.

*T. R. Strong*, for the plaintiffs.

*A. C. Paige*, for the defendant.

*By the Court*, E. DARWIN SMITH, J. The exceptions which should, properly, be first considered, in the examination of this case, relate to the parties prosecuting the action, and their right to maintain the same. The objection is that the order of the 27th of September, 1858, substituting the present plaintiff in the place and stead of Lucretia Hotchkiss, deceased, and the order of the date of September 12, 1860, refusing to set aside said order, were improperly admitted in evidence. These exceptions cannot be sustained. These orders were not the proper matters of evidence or exception. They belonged to the pleadings in the cause, and should have been annexed to the complaint, and became virtually a part thereof; and it was no more exceptionable to read them on the trial than it would have been to read the complaint in

the action. The objection that the first order was not applied for within one year from the death of Lucretia Hotchkiss, may have been expressly waived when the said order was granted. And this may have been the precise ground upon which the court refused to set it aside on motion made for that purpose. If that were not so, and the motion to set aside the first order for any reason was improperly denied, the party had a complete remedy by appeal. Such questions of practice cannot properly be raised or considered on the trial of the issue, at the circuit. The substitution of the present plaintiff in the place of Lucretia Hotchkiss does not change the rights of the parties, and the action must obviously be continued, to enforce the same rights set up in the original complaint, and cannot be prosecuted to enforce any new rights depending upon her death, except as such death, by descent or under her will, cast such rights upon the present plaintiffs.

The action is ejectment, to recover the undivided half of $3\frac{8}{10}$ acres of land taken by the defendant, in 1841, and since used by it for rail road purposes; and unites, as is allowed by the code, a count for use and profits of the land. The title of Lucretia Hotchkiss in her lifetime, to the premises in question, and the right of recovery for the same by the present plaintiff, is unquestionable, unless such title was divested by the proceedings of the defendant to acquire such title, under the acts of 1836 and 1838, incorporating the defendant and prescribing the manner in which it might acquire title for the use of such corporation, independently of the questions which arise upon the ante-nuptial agreement between said Lucretia and the plaintiff, Leman B. Hotchkiss, and other questions which arise upon the defense. The proceedings instituted by the defendant before the Hon. Anson Jones, county judge of Ontario county, for the appointment of a jury of appraisers to assess the value of the land required for the construction of the defendant's rail road in and through

Hotchkiss *v.* Auburn and Rochester Rail Road Company.

the county of Ontario, having been admitted in evidence by the circuit judge, present no question of exception on the part of the defendant, except so far as such proceedings are held invalid. Such proceedings as presented in the evidence, disregarding all other objections made by the plaintiffs thereto, do present one ground of defect in the defendant's title to said premises, which I think entirely unanswerable. Lucretia Hotchkiss was, at the time of instituting such proceedings, a minor, and was at the time absent from her proper home and domicil—her mother's house in Phelps—attending school in Albany. Conceding that the service of the several notices of said proceedings was properly made upon her, according to the provisions of the defendant's charter as amended in 1858, still, as she was an infant, it was indispensable that some proper person should be appointed by the county judge conducting such proceedings, to appear for her before the jury of appraisers, to represent her, and attend to her interests on the appraisement.

The appointment of Thomas Smith to appear before said jury and attend to her interests on such appraisement, was sufficient in form, but the non-attendance of said Smith before the jury, and his entire neglect in any way to appear for or represent her interests before the jury, renders such appointment entirely nugatory. The statute was not complied with simply by the making of an appointment of an attorney for her, by the judge, sufficient in form. It was the duty of the defendant to see to it that some reliable person was appointed, living in the vicinity, who should in fact personally appear before the jury and attend to and protect her interests, upon such proceedings. Until such appointment and appearance the jury had no jurisdiction of her person, to entitle them to proceed to appraise the land, or the damages of the said Lucretia, for the taking of such land by the defendant. The statute was designed to secure the actual attendance of some fit person, before the jury, as guardian or attorney, to

attend personally to the interests of the infant upon such appraisement. And without such appearance, all the doings of the jury, in the proceeding, are entirely unauthorized and void. The title of the defendant to the property, therefore, fails.

The deed in trust of Lucretia Oaks to Willard Wells I do not think divested her of title to said land. The defendant was then in actual possession of the land, using the same and claiming title thereto adversely to all the world. Whatever might otherwise have been the effect of that deed, I think it did not divest her of title, against the defendant. The action to recover the land could not have been brought by the said Willard Wells in his own name, but must necessarily have been brought in the name of the said Lucretia, in her lifetime. The defendant entered into possession of the lands in question in the spring of 1841, and the deed of Lucretia to Willard Wells was dated April 29, 1844. She had not been in possession for more than three years before the execution of said deed, and it was clearly void as against the defendant. The plaintiff was therefore clearly entitled to recover the land described in the complaint.

The remaining points for consideration relate to the questions of damages for the occupation and deterioration of such premises, and of injury thereto, and of the use and profits thereof. This action was commenced May 17, 1849, and Lucretia Hotchkiss died July 31, 1855, leaving five children, who are the plaintiffs, with their father, who is the executor under the will of their mother, and guardian of his children, who are all infants. On the decease of Mrs. Hotchkiss, under her will the title to all her real estate vested in her children. In the prosecution of this action they were entitled, at the trial, to recover the land, and the use thereof as incident thereto from the time of her decease. All claim to damages done to the estate, and for the use and profits thereof at the time of her decease, went to her executor, and belonged

to the personal estate. The plaintiffs were only entitled to recover the land claimed, with damages for withholding the same, and the rents and profits thereof from the time their title to such rents and profits accrued. The rents and profits before the death of Mrs. Hotchkiss, which occurred July 31, 1855, belonged to Mr. Hotchkiss, either in his own right, under the trust deed, or as executor, under the will. In either view they could not be recovered in this suit. The court directed a verdict for the plaintiffs for the recovery of the premises and damages to the land, and for the net profits thereof for twenty years, according to the claim made by the plaintiffs. This, I think, was error. The damage to the premises by reason of the excavation and embankment and ditches dug thereon, and the removal of buildings therefrom, belonged to, and could only be recovered by, the executor. (2 *R. S.* 4*th ed.* 114.) And besides, they could not be sued for and recovered until after the plaintiffs had recovered possession of the land. A claim for such injuries cannot be united with a claim to recover the land. (18 *Barb.* 496.) A disseisee of land cannot maintain trespass *quare clausum fregit* for an injury done thereto, until he regains possession. (19 *id.* 560. 12 *John.* 183. 1 *id.* 511. 4 *Cowen,* 529. 8 *Wend.* 58. 19 *id.* 507.) The code (§ 67) allows a plaintiff to unite a claim to recover real property with a claim for damages for withholding the same, and the rents, issues and profits thereof. Under this section the plaintiffs were entitled to insert with the claim for the land the count for damages for withholding the same, and for the rents and profits. But this provision gives no new rights of action. (19 *Barb.* 560.) The plaintiffs were not therefore bound to elect, as between these causes of action, which they would go for. They could properly recover for both the land and the use thereof after the death of Mrs. Hotchkiss, but not for any damages which belonged exclusively to the executor, or which were only recoverable after a re-entry. As the damages were recovered in gross,

and embrace some amounts not recoverable in this action, in any event, even if it were prosecuted by Mr. Hotchkiss solely as executor, I think there should be a new trial.

New trial granted.

[MONROE GENERAL TERM, March 3, 1862.   *Welles, Johnson* and *Smith*, Justices.]