## Van Alstine vs. McCarty.

A disseisee of land cannot maintain an action against the disseisor, or any one acting under him, for an injury to the premises while he is out of possession ; but after a re-entry he can recover for any such injury, and for the rents and profits.

Where an action of ejectment is brought against one in possession as tenant of another, and the defendant gives notice of the suit to such other person, as required by statute, the latter, in the absence of any proof to the contrary, will be deemed to have assumed the defense of the action, and will be concluded by a recovery therein against the defendant.

Although the statute declares a recovery in ejectment shall be " conclusive against the defendant and all persons claiming through or under such party by title occurring after the commencement of the action," yet a person having notice of the action, and having assumed its defense, will be deemed the real party in the suit, within the spirit and intent of the statute ; or if not, he will be bound by the recovery, on the ground that he had notice of the suit and was called upon to defend.

Hence an action will lie against such person for the mesne profits, without any recovery in an action of ejectment brought against *him*.

If he is not concluded by the judgment in the ejectment suit, on the ground that he was the real party defending the action, and bound by the recovery therein, he will be liable for the rents and profits, at common law, after the plaintiff has recovered possession, where it appears that he has actually received such rents and profits.

THIS action was brought to recover damages for an unlawful entry upon, and use of certain premises claimed by the plaintiff, from about the year 1859 to the year 1866. The evidence showed title in the plaintiff, and occupancy of the premises by the defendant. The plaintiff, in August, 1865, brought ejectment against one Michael Brosnan, a tenant of the present defendant; Brosnan gave notice of such suit to the present defendant; and on the 15th of January, 1866, the plaintiff recovered a judgment in that action for the possession of the premises; and before the commencement of this action he re-entered upon the premises, in pursuance of said judgment, and regained the possession thereof.

An answer was put in, in the ejectment suit, in the name of Brosnan; but Brosnan swore, on the trial, that

Van Alstine v. McCarty.

he did not employ any attorney to defend the suit, and did not know what McCarty did towards defending it; that McCarty did not ask him (Brosnan) to let him defend in Brosnan's name, either then or at any time since; that he (Brosnan) never put in an answer, in the suit, and never authorized any person to put in an answer for him.

On the trial of this action it was admitted by the counsel for the defendant, that the defendant had been in possesion of said premises for seven or eight years previous to March, 1866, claiming title, and that if the plaintiff was entitled to recover, he was entitled to recover the amount claimed in the complaint. It was also admitted that Brosnan had removed from the premises before the termination of the ejectment suit, and that one Titus Allen was in possession at the time, as the tenant of the defendant McCarty, and that after the termination of the ejectment suit against Brosnan, Allen attorned to Van Alstine, (the present plaintiff,) and agreed to pay rent to him, and that in the month of March, 1866, for non-payment of rent, the plaintiff, by summary proceedings with a landlord's warrant, turned Allen out and took possession of the premises. It was also admitted that this action against McCarty, was commenced July 3, 1866.

From the testimony and the proceedings on the part of the plaintiff, the defendant's counsel moved for a nonsuit, on the ground that a plaintiff cannot recover in an action for mesne profits until he has settled by action the title to the premises in question, or until he has had a recovery in ejectment against the defendant. That the plaintiff has not recovered the possession of the premises as against the defendant; and that the conveyance by Rouse to the plaintiff was by statute absolutely null and void.

The court granted the nonsuit, to which decision the plaintiff's counsel excepted.

Upon a case and the exceptions the plaintiff moved for a new trial.

Van Alstyne *v.* McCarty.

*D. Baldwin,* for the plaintiff.  I. The plaintiff recovered judgment against Brosnan upon the evidence contained in this case, for the recovery of the premises in question, in January, 1866, and in consequence of that judgment, Allen who had become the tenant of McCarty of these premises, by Brosnan moving out (and Allen moving in,) attorned to the plaintiff, and Allen was turned out of possession in March, 1866, by the plaintiff, with a landlord's warrant, for non-payment of rent, and in July, 1866, this action was commenced for the mesne profits.

II. The lowest degree of title to land is the naked possession.  (2 *Black. Com.* 196.)  And this is all the title McCarty had to these premises from 1859 to 1866.

III. It seems Brosnan was the tenant of McCarty, and when the action was commenced against him, it was his duty to give his landlord notice.  (1 *R. S.* 748, § 21.)  This was done.

IV. McCarty undertook to defend in the name of Brosnan, but failed in it.

V. If the plaintiff had obtained possession without suit, he would have had a right of action against McCarty for mesne profits for the time that McCarty had the unlawful use of the premises.  (*See Leland* v. *Tousey,* 6 *Hill,* 328.)  The law upon this point is laid down in the Supreme Court of the United States thus : Whoever takes and holds possession of land to which another has a better title, is liable to the true owner for all the rents and profits which he has received.  (8 *Wheat.* 75, 80.  11 *Mass. Rep.* 519.  *Stuyvesant* v. *Tompkins,* 9 *John.* 61.  *Wickham* v. *Freeman,* 12 *id.* 183.)

VI. The evidence that McCarty occupied the premises unlawfully is that the title of the plaintiff and his grantor is clearly established from 1854 to the time of the commencement of this action, embracing the time that McCarty occupied, and it is not to be assumed, without proof, that McCarty had any right there.

Van Alstyne *v.* McCarty.

VII. The mode of proceeding for mesne profits by a suggestion upon the record, of the recovery in ejectment, is understood to be abolished by the Code, section 455. (19 *N. Y. Rep.* 488.) But this statutory method was restricted to cases where the claim was against the defendant in the ejectment suit. (*Leland* v. *Tousey*, 6 *Hill*, 328.)

VIII. The *principles* of the Revised Statutes are not superseded, and it is provided by statute, (2 *R. S.* 310, § 39,) that the defendant in an action for mesne profits may give in evidence any matters in bar of such claim, except such as were or might have been controverted in the action of ejectment.

IX. There seems to be a rule laid down that in an action for mesne profits, no defense of title or other matter can be set up that would have been a bar to the action of ejectment. (3 *John.* 481. 11 *id.* 461. *Id.* 405. 12 *id.* 183.) These authorities are, however, to have the qualification that in an action of ejectment against a tenant, where the landlord has had no notice of the ejectment suit, the landlord in a suit against him for mesne profits will be at liberty to set up a defense of title. (2 *Greenl. Ev.* 333, 334, &c.)

X. If McCarty had no proper notice of the ejectment suit, he could then controvert the title of the plaintiff in a suit against him for mesne profits. The provision of the statute that the tenant give notice to his landlord, and the provision that the defendant cannot give in evidence on the trial for mesne profits, any matter in bar that might have been controverted in the action of ejectment, is, for the purpose of avoiding unnecessary litigation; and these provisions of the statute are in accordance with the settled principles of law herein referred to below.

XI. If the suit for mesne profits is against the landlord and the ejectment suit was against the tenant of the landlord, the judgment against the tenant is no evidence against the landlord of the plaintiff's title, unless the landlord had notice of the ejectment suit. (2 *Greenl. Ev.* 333, 334 *and*

335, *and authorities there cited.    Hunter* v. *Britts,* 3 *Campb.* 455.)  Also *Phillips on Ev. with Cowen & Hill's Notes,* 5th *American Ed. vol.* 3, *p.* 624, in which the case of *Hunter* v. *Britts* is fully set forth as contained in 3 *Campb.* 455, showing Lord Ellenborough's opinion.

XII. This case may be divided into two branches.    The first may be considered as embraced in the theory laid down in *Ainslie* v. *The Mayor, &c. of N. Y.,* (1 *Barb.* 177,) where the requisite proof to maintin an action like that is perhaps correctly stated by the court.    On page 178 in that case, the counsel for the plaintiff over estimated the importance of giving the judgment in evidence, and the court may have overlooked the fact that the judgment might have the effect to give possession of the premises to the plaintiff, as against the landlord.    But in that case the plaintiff failed to prove he ever had any title or that the landlord had notice of, ejectment suit, or that the plaintiff had regained possession.    A failure in proof of any one of the requisites named was considered fatal.    (*See* 1 *Greenl. on Ev.* 523 ; 1 *Seld.* 558.)

XIII. In the present case all the requisites to maintain the action, named by the court in that case, are fully proved.

XIV. On the subject of the conveyance from Rouse to the plaintiff being void, the statute provides that a grant shall be void when the premises are in the possession of a person claiming under a title adverse to that of the grantor. (1 *R. S.* 739, § 160.)    But the Code, even in such a case, (§ 111,) carefully provides that an action may be maintained by the grantee of land in the name of the grantor.    In this case the defendant McCarty was the grantee of Corning, and the grantee of Rouse, and held under no other title than a naked possession obtained as a trespasser four or five years after he conveyed the premises.    If there was any evidence that McCarty remained in possession after conveyance for the whole twelve years, he might be con-

sidered as the tenant of his grantee, and if there was a
notorious disclaimer of the grantee's title, there might be
some sense in a claim of adverse possession. (1 *Wend.*
341. 21 *id.* 36.) To constitute an adverse possession the
claim must be under some specific title. (*&rary* v. *Good-
man*, 22 *N. Y. Rep.* 170.) If this case is to be governed
by the principles laid down by the court in 1 *Barb.* above
referred to, without regard to the notice by Brosnan to
McCarty of the ejectment suit, the nonsuit will be set
aside and a new trial ordered; but if the principles of law
referred to in the 10th and 11th points, and the notice
given by Brosnan to McCarty of the ejectment suit, are
worthy of attention, the court will order judgment for the
plaintiff for the amount claimed in the complaint.

*John T. Pingree*, for the defendant. I. Can the plaintiff
recover, in an action for mesne profits, before he has had
a recovery in ejectment *against the defendant*, or until he
has settled by action the title to the premises in question
*against the defendant?* In this case, there was no pretense
that the plaintiff had ever recovered in ejectment against
the defendant, or the title ever been litigated between
them. It is submitted that the case of *Morgan* v. *Varick*,
(8 *Wend.* 587,) is decisive of this question. The court
says: "The action for mesne profits is consequent upon
a recovery in an action of ejectment. A plaintiff has no
right to this action until after judgment in the ejectment
suit." The plaintiff claimed that he had recovered in
ejectment against one Michael Brosnan, and had proven
that Brosnan was, at the time the ejectment suit was com-
menced against him, the tenant of McCarty, the defend-
ant in this action, and, therefore, the record was conclu-
sive evidence of the plaintiff's title and possession against
the defendant McCarty. In this the plaintiff was in error.
The *Laws of* 1862, (*ch.* 485, *p.* 977,) declare, that such
record shall be conclusive as to the title established in

such action, upon the party against whom the same is rendered; and against all persons claming from, through or under such party, *by title accruing after the commencement of such action.* The defendant, McCarty, did not claim, under the defendant, Brosnan, in the action of ejectment, and consequently the record in that action of ejectment was *no* evidence against McCarty, of the plaintiff's title or possession. Nor does the fact that Brosnan was the tenant of McCarty, at the time of the commencement of the ejectment suit, change the force of the act of 1862. The evidence shows, he was not the tenant of McCarty when the judgment in ejectment was obtained. It is submitted that an action for mesne profits cannot be maintained until the title has been put at rest between the parties. In this case, it has never been settled.

II. The plaintiff showed no title to the premises. His pretended title was void. The evidence showed, that at the time of the conveyance to him, the defendant was in possession, claiming title. (*See* 1 *R. S. Edm. ed. p.* 690, § 147.) It also showed that the defendant had been in possession, seven or eight years. In fact, the plaintiff had never been in possession, and his grantor had never been in possession, nor had the plaintiff's grantor ever received any rents, but the defendant was in possession adversely. (*See* 2 *R. S. Edm. ed. p.* 713, § 6.)

III. There was no evidence that the plaintiff had legally regained possession of the premises. He did not produce, nor did he offer to prove that any writ of possession had ever been issued on the judgment, or the defendant, McCarty or Brosnan, had been turned out, or he, the plaintiff, put into possession under that judgment.

*By the Court,* E. DARWIN SMITH, P. J. A dissiesee of land cannot maintain an action against the dissiesor, or any one acting under him, for an injury to the premises while he is out of possession, but after, a re-entry he can

Van Alstine *v.* McCarty.

recover for any such injury and for the rents and profits. (9 *John.* 61. 12 *id.* 183. 6 *Bacon's Ab.* 566. *Hotchkiss* v. *Auburn and Rochester Railroad Company,* 36 *Barb.* 613.) The plaintiff brought ejectment against Brosnan, a tenant of the defendant, and recovered. The tenant gave notice to the defendant of the commencement of the suit against him, as required by the statute in such case, and the defendant must be deemed, under the evidence in the case, to have assumed the defense of the action. In this view of the evidence and of the facts, the recovery in the ejectment suit was conclusive against him. It is true that the statute declares the recovery in ejectment to be "conclusive against the defendant and all persons claiming through or under such party by title occurring after the commencement of the action." But the defendant having notice of the action, and having assumed its defense, must, I think, be deemed the real party in the suit, within the spirit and intent of the statute, or if not he is to be bound by the recovery on the ground that he had notice of the suit and was called on to defend. (*Adams on Ejectment,* 337. *Hunter* v. *Britts,* 3 *Camp.* 445. 2 *Greenleaf on Evidence,* §§ 333, 334.) It follows from these principles that the action was properly brought for the mesne profits against the defendant, and was sustainable. He received the rents pending the ejectment suit from Brosnan, his tenant, and it was admitted that the amount so received by him was $308. The action for such mesne profits as a substitute for the suggestion upon the record given by the Revised Statutes, (2 *R. S.* 310; 19 *N. Y. Rep.* 88;) lay against him, I think, on the ground that he was the real party defending the action and was bound by the recovery therein. But if he was not concluded on this ground, he was then clearly liable for such rents and profits at common law after the plaintiff recovered possession, on the ground that he had actually received such rents and profits. (*Morgan* v. *Varick,* 8 *Wend.* 587. *Leland* v. *Tousey,* 6 *Hill,* 328. 8 *Wheaton,* 80. 11 *Mass.*

*Rep.* 569.)   The plaintiff showed title, at the circuit, and produced the records and proceedings in the ejectment suit, and proved that he had been restored to the possession.   The defendant, if not concluded by the recovery in such suit, was at liberty to defend the action and disprove the plaintiff's title.   This he did not attempt to do, and in fact he made no defense.   I cannot see, therefore, why the plaintiff was not entitled to a verdict, and think there should be a new trial, with costs to abide the event.

New trial granted.

[Monroe General Term, September 7, 1868.   *E. D. Smith, Johnson* and *J. C. Smith,* Justices.]