PIERCE, appellant, v. TUTTLE.

*Lands — action for injury to.*

The disseisee of lands may, after being restored to possession thereof, bring action for injury done to such lands by the party wrongfully in possession.

APPEAL from a judgment in favor of defendant, and an order denying a new trial. The facts appear in the opinion.

*G. O. Rathbun,* for appellant, cited *Pierce .v. Tuttle,* 53 Barb. 155; *Van Deusen* v. *Young,* 29 N. Y. 9, 30, 31; *Suffern* v. *Townsend,* 9 Johns. 35; 7 Conn. 232; *McGregor* v. *Brown,* 10 N. Y. 114; 2 Hill. on Torts, 148; 2 Greenl. Ev., §§ 625, 653; id., § 332.

*Rollin Tracy,* for respondent, cited *Walsh* v. *Kelly,* 40 N. Y. 556; *Magee* v. *Badger,* 34 id. 247; *Ingersoll* v. *Bostweck,* 22 id. 425; *A. D. Co.* v. *City of Brooklyn,* 3 Keyes, 444; *Myers* v. *Baker,* 14 N. Y. 435; *Woodruff* v. *McGrath,* 32 id. 255; *Hunt* v. *Fish,* 4 Barb. 329; *Cook* v. *Litchfield,* 2 Bosw. 137.

E. D. SMITH, J. This is an appeal from a judgment in favor of the defendant and an order denying a new trial.

The action was for injuries to plaintiff's farm, arising from the neglect of the defendant to exercise ordinary care in its management, and injuries to it while the same was in his possession. It appears that the defendant entered into possession of the farm in April, 1867, under a contract of purchase which, for some reason, was not carried into effect, and the plaintiff soon after brought ejectment for the said premises, in which action he finally recovered with damages for the use and occupation of the said farm. This action is for injuries not embraced in such action or included in the claim for mesne profits.

Such an action is clearly maintainable by the disseisee of land for injuries done to such land by a party in possession thereof after the same is restored to the possession. *Hotchkiss* v. *Auburn & Rochester R. R. Co.,* 36 Barb. 613; *Budd* v. *Bingham,* 18 id. 496; *Frost* v. *Duncan,* 19 id. 560. This seems not to have been controverted at the circuit. The case seems to have been fairly tried and submitted to the jury. No exception was made to the charge of the judge, and there is no exception in the case of any substantial consequence.

The question was one of fact, what neglects the defendant had been guilty of in the care and use of the farm, and what injuries he had committed to the damage of the farm.

These were questions proper for the consideration of the jury, and I do not see any ground in the case which would make it proper for the court to interfere with their verdict.

I think the judgment and order should be affirmed.

*So ordered.*