DAVID HALEY, RESPONDENT, v. WILLIAM H. WHEELER, APPELLANT.

*Trespass — possession — Justice's Court — title to land — when not in question — effect of judgment in ejectment.*

Although, as a general rule, trespass *quare clausum fregit* can only be maintained by one in actual possession of the premises when the injury is committed, yet in the case of a disseisin the disseisee, after he has regained possession, may maintain the action against the disseisor for acts intermediate the disseisin and re-entry.

Wheeler brought an action of ejectment against Haley, and, having recovered judgment therein, entered into possession of the premises ; subsequently this judgment was set aside, and upon the new trial Haley recovered a judgment, whereupon possession of the premises was surrendered to him by Wheeler. In an action of trespass *quare clausum fregit* by Haley to recover for acts committed by Wheeler while in possession under the first judgment, *held,* that he was entitled to recover. *Held,* further, that in such action the title to land did not come in question so as to deprive a justice of the peace of jurisdiction thereof, as the final judgment in the ejectment suit conclusively established that the title was in Haley as against Wheeler.

APPEAL from a judgment of the County Court of Cattaraugus county in favor of the plaintiff, entered upon the verdict of a jury.

*Ansley & Vreeland*, for the appellant.

*A. Storrs*, for the respondent.

TALCOTT, J. :

This is an action of trespass. The complaint is in form for a trespass *vi et armis quare clausum fregit.* The suit was originally commenced before a justice of the peace. Before the justice a judgment was rendered for the defendant, on a verdict of no cause of action. The plaintiff appealed to the County Court of Cattaraugus, where the jury rendered a verdict in his favor for fifty-three dollars, and judgment was entered for that sum. A motion was made in the County Court for a new trial, which was denied, and thereupon the defendant brought this appeal. The answer of the defendant was, that he went into possession of the land in the com-

plaint described, under and by virtue of a judgment in the defendant's favor and against the plaintiff, awarding the possession of the premises to the defendant.

On the trial a record of judgment in an action of ejectment was introduced, commenced by Wheeler the now defendant, against Haley the present plaintiff, from which it appeared that Wheeler first obtained judgment in the action of ejectment. On this judgment Wheeler was put into possession of the premises on which the alleged trespass was committed. This judgment was afterward vacated and set aside, and after various proceedings in the action a new trial was had, and Haley finally recovered judgment on the merits for a restoration of the premises, and dismissing the complaint in the action of ejectment, whereupon Wheeler gave up the possession to Haley. This judgment was afterward set aside and a new trial granted, whereupon Haley again recovered judgment, dismissing the complaint and for a restoration of the premises, and a writ of possession was issued on this last judgment, whereupon Haley, then being in the actual possession by the voluntary surrender of Wheeler, was put into formal possession by the sheriff under the writ of possession. The trespasses complained of were for mowing and cutting the grass, rye and corn of the plaintiff and gathering the fruit, during the time that Wheeler was in possession of the premises under the first recovery. The defendant moved for a nonsuit, on the ground that no cause of action was shown by the plaintiff, and on the ground that title to land came in question. The cause of action was sufficiently made out. The first recovery in ejectment, being set aside and vacated, became of no force and effect from the beginning. The general proposition that an action of trespass *quare clausum fregit* can be sustained only by the person who has the actual possession when the injury was committed is doubtless correct. But in the case of a disseisin the disseisee, after he has regained possession by re-entry, may maintain trespass against the disseisor for acts intermediate the disseisin and re-entry. For this doctrine the case of *Dewey* v. *Osborn* (4 Cow., 329) is a very distinct authority. The title did not come in question so as to oust the justice of jurisdiction. The recovery of the final judgment in favor of Haley against Wheeler was conclusive of the title between these parties, and, as between

them, the defendant could not question the title. (*Leland* v. *Tousey*, 6 Hill, 328; *Van Alstine* v. *McCarty*, 51 Barb., 326.)

The judgment of the County Court and the order denying a new trial are affirmed.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Judgment of County Court and order denying a new trial affirmed.