MARY ANN BOARDWAY, Respondent, *v.* JAMES SCOTT, Appellant.

*Costs — when a question of title is involved in an action for mesne profits — when the decision of the trial judge as to costs is not conclusive upon the parties.*

The plaintiff alleged in the first count of her complaint that the defendant had wrongfully entered into the possession of certain premises, an undivided one-seventh interest in which was owned by the plaintiff's assignor, and sought to recover the rental value and *mesne* profits thereof. In the second count she alleged the wrongful entry of the defendant and the recovery of a judgment in an action of ejectment brought against him by the plaintiff's assignor, and sought to recover the same rental value and *mesne* profits. The defendant's answer contained a general denial, an averment of ownership in himself and his grantors, and a claim to be allowed for permanent improvements made while holding under color of title adversely to the plaintiff's assignor. Upon the trial, by the court without a jury, a judgment for twenty-two dollars and twenty-eight cents was ordered for the plaintiff and costs were awarded to the defendant.

*Held,* that a question as to the title to real estate was involved in the issues raised by the answer and that as the plaintiff had succeeded, she was entitled to recover costs.

That, as the plaintiff's right to the costs was governed by the statute, the award of costs made by the trial judge was not final and conclusive upon the parties, and that the court at Special Term had power to set aside the judgment for costs entered in the defendant's favor.

Appeal from an order made at the Oswego Special Term setting aside and vacating a judgment entered March 12, 1883, awarding to the plaintiff, as damages, twenty-two dollars and seventy-eight cents, and awarding costs to the defendant.

The complaint contained two counts, in the first the plaintiff claimed to recover, as the assignee of one Henderson, who owned an undivided one-seventh of the premises, the rental value thereof from the defendant who had wrongfully entered into possession thereof; in the second, she set out the recovery of a judgment in an action of ejectment brought by Henderson against the defendant to recover the possession of the said undivided one-seventh of the said premises, and sought to recover the same rental value as *mesne* profits.

*B. B. Burt,* for the appellant.

*J. A. Hathaway,* for the respondent.

HARDIN, J.:

Plaintiff brought this action to recover *mesne* profits, and in her complaint set out the necessary averments to support a recovery. Defendant put in answers which contained (1) a general denial, (2) an averment of ownership of the property described in the complaint, (3) ownership in his grantors and conveyances from them, and that he and his grantors ever since 1858 had been tenants in common with plaintiff's assignor; also set up "permanent improvements" made in good faith, "while holding under *color of title* adversely to plaintiff's assignor," in reduction of the damages of the plaintiff, as was permissible under section 1531 of the Code of Civil Procedure.

After a trial by the court without a jury it was found by the court that in 1858, by warranty deed of the plaintiff's assignor, Joseph Henderson took title to one-seventh of the premises referred to in the complaint, and that the defendant and those under whom he claimed had no title to said one-seventh, though the defendant on the 19th of March, 1868, "entered into possession of said premises, and has solely occupied them to this time." It was also found that the plaintiff's assignor in an action commenced on the 17th day of May, 1878, in this court, recovered the said one-seventh of the said premises, and that the defendant put in a general answer denying all the allegations of the complaint, and that upon a trial of that issue, there was a recovery by the plaintiff's assignor against the defendant, and a judgment entered August, 1879. Thereupon this action was commenced on the 14th of March, 1882. The court found that the plaintiff was entitled to recover twenty-two dollars and twenty-eight cents, and "that the defendant is entitled to recover of the plaintiff his costs and disbursements in the defense of this action, and judgment is hereby ordered accordingly." The defendant filed the decision of the trial judge and entered such a judgment, to wit, for the plaintiff, for twenty-two dollars and twenty-eight cents damages; for the defendant's costs and disbursements, seventy-five dollars and eighty cents.

Upon a motion made by the plaintiff that judgment was set aside and the appeal of the defendant is from that order. The principal question insisted upon relates to the question as to which party is entitled to costs of this action. In *Ainslie* v. *The Mayor* (1 Barb.,

177) it is said, that to recover in an action like the one before us, the plaintiff, to entitle himself to recover, was bound to show that he (or his assignor), had at the time the trespasses mentioned in the declaration were committed, the actual possession of the premises in question, or a title to said premises.

In the complaint before us the plaintiff alleged his assignor Joseph Henderson, was and had been "owner in fee and entitled to the possession, use and rental value of the undivided seventh of the real estate" described, and that the defendant wrongfully entered into possession and wrongfully ousted said Henderson and claimed to own the same "in fee absolute." The complaint also alleged that Henderson had been for twenty years past "owner in fee of the undivided one-seventh" of the lands described, and that the defendant wrongfully entered into possession thereof, and that an action was brought by Henderson, and a recovery had as already stated, and that, after judgment had been entered, Henderson assigned to the plaintiff "his right, title and interest in and to the rental value and *mesne* profits specified therein, and also the entire cause of action against said defendant as herein specified," etc.

In addition to the defense already stated, the defendant averred "that on the 26th day of October, 1863, one Owen Henderson and wife, for a full and valuable consideration, sold and conveyed by warranty deed the whole of the premises described in the complaint in this action to one Eugene Levaque; that the *defendant derived title to said premises by mesne conveyance from* said Levaque." According to the rule we have alluded to, laid down in *Ainslie* v. *The Mayor* (*supra*), it was incumbent upon the plaintiff to show title to one-seventh of the lands described. Plaintiff could not show the actual possession of one-seventh in his assignor; it was therefore incumbent to establish title, and that was averred, and consequently it was admissible to prove it. It was denied, and it was therefore incumbent upon the plaintiff to give proof thereof to sustain his allegations, as well as to overcome the allegations set up by the defendant.

Plaintiff by record evidence, or by the judgment-roll, might establish the title of her assignor. Whichever mode of proof was resorted to, it was incumbent upon her to establish title in her assignor to the one-seventh of the land. The trespass of the

defendant could not have been established without proof of title in the assignor. (*Thompson* v. *Bower*, 60 Barb., 478.) It was incumbent upon the plaintiff to show the defendant's tortious holding, although the measure of damages is that which would obtain in assumpsit for use and occupation. (*Holmes, Admr.*, v. *Davis*, 19 N. Y., 488; Code of Civil Proc., § 1531; *Van Alstine* v. *McCarty*, 51 Barb., 326.) From what has been said, we conclude the pleadings presented a question of title to real estate, and that it was necessary to prove title, and that such title was shown, and the plaintiff therefore, upon a recovery, was entitled to costs of this action. (*Kelly* v. *The Manhattan Beach R. Co.*, 81 N. Y., 233.

This case differs from *Rathbone* v. *McConnell* (21 N. Y., 466) where the plaintiff relied upon his possession of lands and the defense set up a license, and therefore no question of title was involved. Here, as in *Powers* v. *Conroy* (47 How., 85, affirmed October, 1874, in this department), the right of plaintiff' asssignor to possession was challenged, and it became necessary not only to allege but to prove title to real estate. (See, also, *Ehle* v. *Quackenbush*, 6 Hill, 538.)

But it is said by the appellant that the award of costs by the trial judge is "binding and conclusive between the parties." We do not think so. If the costs had been in the discretion of the court the position would be tenable. But they were governed by the statute, and the judge could not thus break into or set aside the statute. It was his duty to obey it. If he inadvertently overlooked or disregarded it, we cannot for that reason disregard it. Having come to the conclusion that a question of title was presented by the pleadings and by the proofs on the trial, the statute regulates the award of costs. The question has been discussed in cases binding upon us and which have our approval. (*Lanz* v. *Trout*, 46 How., 94; approved in *Black* v. *O'Brien*, 23 Hun, 84; *Sturgis* v. *Spofford*, 58 N. Y., 103; Code, § 3228.) So much of the judgment as awarded costs to the defendant was erroneous, and it was within the discretion of the Special Term to set that part aside, or the whole thereof, and allow a new judgment to be entered in accordance with the decision of the trial court and the statute in respect to costs. That part of the order which authorized a substitution of the reply in this action for the one erroneously inserted in the

judgment-roll was proper. The question presented is novel and somewhat involved by the direction given by the trial judge as to costs, and therefore we may properly withhold costs of this appeal.

Order affirmed, with disbursements.

SMITH, P. J., and BARKER, J., concurred.

Order affirmed, with disbursements only.