Minshalr, J.
The first assignment of error, the admission of any evidence under the petition, for the reasons stated—want of capacity in the administrator to sue, and the bar of-the statute of limitations, makes it necessary to determine the character of the injuries for which a recovery was sought, and the time in which an action may be commenced thereon. By a reference to the petition it will, appear that the plaintiff claimed that the decedent, Anna Loftus, at the time of the injuries complained of, was the owner of three certain tracts of land, which, on their southwest sides, abutted upon a certain highway, leading from Youngstown down the Mahoning Valley to Haselton, the only ingress and egress to these lands. /That about the year 1868, The Lawrence Railroad Company wrongfully and unlawfully entered upon and took possession of the said highway and land, and located its line of railroad thereon, without making any compensation to said Anna Loftus, the then owner thereof, and appropriated the same to its use, without any agreement with her, and without having the compensation and damages assessed in a court of record, as prescribed by the constitution and the law of the land. That the use thus made of the highway was a new one, not contemplated at the time of its dedication as a highway by the owners. That these tracts of land, being at the time suburban property, were very valuable, but were greatly depreciated by the location and operation of the defendant’s road on the highway, and the inconveniences and annoyances incident to such use. That the part of the highway left was so narrow as practically to destroy her right of ingress and egress to her lands; and that by reason of the premises, Anna Loftus has been damaged in her estate to the extent of $20,000. It is, therefore, evident, as we think, from a consideration of the substance of the petition, that the injuries for which compensation and damages were sought, were the unlawful taking of the highway, the fee-simple being in Anna Loftus at the time; the disturbance of her ingress and egress to her lots; and the consequential injury to her lands not taken, arising from the usual annoyances incident to the location and operation of a railroad in their imme *678 diate vicinity. The question then arises, for which, if any, of these injuries, could the administrator maintain an action ; and, if for any, could it be commenced after the lapse of time shown by the petition, since the cause of action accrued.
It seems to be settled by the previous decisions of this court that the wrongful taking of land by a railroad company for a right of way, does not divest the title of the owner, and reduce his remedj' to a mere claim for compensation and damages. He continues the legal owner of the land and has the right to recover it in any period short of 21 years from the taking. Railroad Company v. Robbins, 35 Ohio St., 483; Warner v. Tanner, 38 Ohio St., 120; Railroader. O’Harra, 48 Ohio St., 343; Railroad v. Perkins, 49 Ohio St., 326, 333; and it necessarily follows that at his death his title to the land with the right of recovery, as well as the right to compel the company to condemn and pay for the land under section 6448, Revised Statutes, descends to his heir and not to his administrator. Hence, so far as the administrator sought to recover for an}*- part of the land taken, included in the highway, the right of actidn was in the heir and not in him, and he had no right to sue therefor. And the same is true as to any compensation sought for the taking of the easement of the decedent in the highway as a means of ingress and egress to her lands. An easement of this kind belongs to the land, is a part of the realty, and on the death of the owner passes with the land to his heir. The administrator cannot recover .the land, nor compel compensation to be made, for, as shown in Railroad Co. v. Perkins, this can only be done by the “owner” of the property taken. But as to the damages which accrued in the lifetime of the decedent from the wrongful use made of her lands, the interruption of her easement, and the consequential injuries to her other lands, and for which she could have maintained a personal action, the case is different. Being choses in action the right to recover the same passed, at her death, to her personal representative as a part of her personal estate; and could only be recovered by the administrator within the time limited *679 for the commencement of such actions, which is four years. It therefore appears, as we think, that the court erred in admitting any evidence under the petition, for the reason, that the right to recover compensation for the taking of the highway and her easement therein, was in the heir and not in the administrator; and the right to recover the damages that had been done to her property in her lifetime, was barred by the statute of limitations, pleaded in the answer; and, of course, he could recover nothing for damages of any kind, to the land that accrued subsequently to the death of the decedent, for the right to such damages is in the owner of the land.
The case of Railroad Company v. Hambleton, 40 Ohio St., 496, is relied on to support the judgment of the courts below. But we see nothing in that case that can be said to do so. The raising of the grade of the street above that which had been established, was held by the court to impose an additional burthen on the land, and permanently affect the value of the plaintiff’s property, and that the right to continue this change could not be acquired by an adverse use short of 21 years, that is for the length of time necessary to create a right by prescription; and, being a continuous injury, the plaintiff had the right to recover the damages to his property occasioned by the permanent impairment of his, easement in the street. That the court clearly distinguished between the damages occasioned by the taking of the plaintiff’s property and those resulting from a mere trespass or nuisance, is clear from what is said in considering the charge to which an exception had been taken. The language is, “The charge of the court on the trial below was correct, so far as the cause of damages were affected b}r limitation, that is, that for permanent injury the limitation would be twenty-one years, the whole period during which the act of the defendants in continuing the cause of such injury would be without legal right. And that for temporary injury the plaintiff would be limited to four years before his action for the same.”
The principle upon -which 'this case and those cited above, have been decided is, that the title to real estate is not *680 changed bjr being taken for a public use, unless under an agreement with the owner, by proceedings in condemnation, or, the use has been continued as an adverse one beyond the period in which an action can be maintained to recover the possession. It therefore remains in the owner with all the incidents and character of real estate, passing by his deed, or, at his death, to his heirs. Hence, whatever title the decedent had to the soil of the highway on which the company constructed its road—whatever easement she had therein as a way to her lands, bounded on the highway, being realty, did not pass to her administrator as assets; and he has no right to recover the same, or to maintain an action in any form to recover its value. A recovery by him would not bar the right of the heirs or those claiming under them to recover the land with its easements and appurtenances, or its value in a proper proceeding.
Decisions from the courts of some of the other states have been cited; but upon examitiation it will be found that they relate to cases where there had been a rightful taking of the land by due process of law, without the compensation having been paid in the lifetime of the owner. Thus in Welles v. Cowles, 4 Conn., 182, the holding is that, “Where damages were assessed, by the county court, in favor of the owner of land, through which a highway had been laid out, in her lifetime, payable at a future period, when the road was to be opened, which did not arrive until after her death, that such damages, as soon as assessed, became a debt, which belonged to the executor, and did not descend with the land to the heir.” Many such cases rna}'- be found, and also, cases where a recovery by an administrator has been sustained for damages done to the lands of the decedent during his lifetime, and which he could have recovered in a personal action, such as trespass or case; but none, where the object of the suit was to recover the value of land, its appurtenances or easements, wrongfully taken for public use, during the lifetime of the deceased; or for damages of any kind to land suffered subsequent to his death. In all such cases the right is adjudged to be in the heir. Boynton v. Railroad Co., 4 Cush., 467; Neal v. Railroad Co., 61 *681 Maine, 298; Howcott v. Warren, 7 Ired , 20; Hotchkiss v. Railroad Co., 36 Barb., 600. In the case last cited, and which was an action in ejectment against a railroad company to recover lands wrongfully taken and damages, prosecuted by devisees, the court properly distinguished the rights of the parties as follows: “On the decease of Mrs. Hotchkiss, under her will the title to all her real estate vested in her children. In the prosecution of this action they were entitled, at the trial, to recover the land, and the use thereof as incidents thereto from the time of her decease. All claim to damages done to the estate, and for the use and profits thereof at the time of her decease, went to her executor, and belonged to the personal estate. The plaintiffs were only entitled to recover the land claimed, with damages for withholding the same, and the rents and profits thereof from the time their title to such rents and profits accrued.”
But it is claimed that under the provisions of section 5064, Revised Statutes, the objection to the right of the administrator to maintain the action, was waived by a failure to demur on the ground of a want of legal capacity to sue. It may well be questioned whether the objection did not go to a want of facts sufficient to constitute a cause of action, rather than to a want of capacity to sue. (Buckingham v. Buckingham, 36 Ohio St., 68, 73; Dale v. Thomas, 67 Ind., 570, 578; Notes to Subdivision 2, section 5062, Revised Statutes, Whitaker’s Code); but, be this as it may, the objection could not have been taken by demurrer on the ground of a want of capacity to sue, since the petition was, in part, good against such an objection; for waiving theobj ection of the statute of limitations, the petition did state a right of action in the plaintiff to recover for the torts of the company committed' during the life of the decedent; and, therefore, though good as to part of the injuries complained of, could not have been sustained, because not good to the petition as an entirety. We, therefore, think that, considering the substance of the petition, the practice adopted was a proper, if not the only course, the defendant had to pursue, other than a motion to strike out the immaterial por *682 tions of the petition; and, a failure to do this, was not a waiver of the right to object to the plaintiff’s want of capacity to sue, by objecting to the evidence offered at the trial.

Judgment reversed, and petition of plaintiff below dismissed.