## BUDD vs. BINGHAM.

Trespass and ejectment, and trespass *quare clausum fregit*, in respect to the same identical premises, cannot be united in the same complaint.

The plaintiff, in a suit to recover the possession of lands, alleged in his complaint that he was the owner thereof, in fee, on the 1st of April, 1851, at which time he was ejected therefrom by the defendant, who still continued in the possession. He then charged that the defendant, on or about the same day, and on divers other days, broke and entered upon the premises, and dug up the soil, built walls, and cut down timber growing thereon, and converted the same to his own use; wherefore the plaintiff demanded judgment that the defendant be removed from the premises and the plaintiff be restored to the possession thereof, and that he recover damages for the use thereof, and the damages and injuries so done thereto. A general answer was put in. Upon the trial, the plaintiff, on the motion of the defendant, was required to elect for which of the two claims he would proceed; *Held,* that no injustice was done to the plaintiff by this decision, because, from the facts set out in his complaint, he could not recover for the trespass until he had recovered the possession, and re-entered.

Where a complaint contains no facts constituting a cause of action, the defendant has his election either to demur, or to avail himself of the defect upon the trial.

If a complaint, in an action for the recovery of the possession of real estate, omits to describe any premises, whatever, there is nothing of which a bill of particulars, under section 158 of the code, can be given, and nothing to be made definite and certain by a motion under section 160.

In such a case, the proper course is to dismiss the complaint, with leave to the plaintiff to amend, on terms.

THIS was an appeal, by the plaintiff, from an order made at a special term, refusing a new trial. The plaintiff, in his complaint, claimed to recover the possession of real estate from which he was ousted by the defendant. He also claimed damages for a tortious entry upon the same premises, at the same time. It was alleged that the premises were situated in the town of Southeast in the county of Putnam, and bounded as follows: "Northwardly, by lands of said plaintiff; eastwardly, by lands of said plaintiff; southwardly, by lands of said defendant; and westwardly, by lands of said plaintiff." The defendant put in an answer denying the material allegations in the complaint. On the trial, after the jury was called, tried and empanneled, and a witness had been called and sworn on the part of the plaintiff,

the defendant's counsel moved to compel the plaintiff to elect on which count of the complaint he would offer evidence; on the ground that said complaint contained a count claiming to recover from the defendant the possession of certain premises, and to eject the defendant therefrom, and also a count for damages for trespasses committed by the defendant on the said premises, and that the plaintiff could not recover for said two causes of action on the same complaint, and in the same action. Whereupon the court decided to require the plaintiff to elect on which count he would proceed to offer evidence; to which decision the plaintiff excepted. The plaintiff's counsel then elected to proceed to trial on the first count in said complaint. The defendant's counsel thereupon moved to dismiss the complaint, on the ground that the land or premises claimed in said first count were not sufficiently described therein. Whereupon the court ruled and decided that the complaint be dismissed, with leave to the plaintiff to amend in twenty days, on payment of the costs of the term. To which ruling and decision the plaintiff's counsel also excepted, and made a case upon which he moved, at a special term, for a new trial; which motion was denied.

*B. Baily*, for the plaintiff.

*C. Ga Nun*, for the defendant.

*By the Court*, BROWN, J. 1. The plaintiff in his complaint claims to recover the possession of certain lands in the town of Southeast, Putnam county. He says he was in possession and the owner thereof, in fee, on the first of April 1851, at which time he was ejected therefrom by the defendant, who still continues in the possession thereof. The complaint then proceeds, in what the pleader may or may not have intended as another count, and charges that " the defendant, on or about the same day, and on diverse other days, broke and entered upon said premises and dug up the soil, built walls, and cut down timber thereon growing, and converted the same to his own use, wherefore the plaintiff demands judgment that the defendant be

removed from the premises and the plaintiff be restored to the possession thereof, and that he recover his damages for the use thereof, and the damages and injuries aforesaid done thereto, amounting to $250." The answer of the defendant is a denial of all the acts and injuries set out and charged in the complaint.

Here, then, we have what would formerly have been the old actions of trespass and ejectment, and trespass *quare clausum fregit,* united in the same complaint; the *locus in quo* the trespass is alleged to have been committed, and the lands from which the plaintiff alleges he was ousted, being the same identical premises. To entitle him to recover for the trespass, he must show himself to have been in possession when the tortious acts were committed, and that he had regained the possession at the time of the commencement of the action; and to entitle him to maintain his action for the ouster and to recover the possession, he must show that the defendant had the possession when his action was instituted. Upon the trial at the circuit the plaintiff, upon the motion of the defendant's counsel, was required to elect for which of the two claims he would proceed; not because the complaint contained two distinct causes of action, which the code declares may not be united, (which was cured by the omission to demur,) but because the proof necessary to sustain them would be inconsistent and incongruous, and involve a conflict and contradiction not seemly, or compatible with the due administration of justice. The plaintiff would, upon the trial, attempt to prove to the jury that he had title, was out of the possession, which was held by the defendant, and claim to have it restored to him; and failing in his proof, he would then retrace his steps, disprove what he had attempted to establish, show that he had the actual possession at the time of the commencement of the suit, and ask, not to have the possession restored to him, but that the jury should assess his damages for the injury done to the premises. Besides, it is evident, from the form and language of the complaint, that all the tortious acts of digging up the soil, building walls, and cutting down timber, occurred after the plaintiff had lost and was out of the possession. Any uncertainty in which the statements in the body of

Budd *v.* Bingham.

the complaint leave the question whether the acts of injury to the soil, trees, &c-, preceded or succeeded the loss of the possession by the plaintiff, is removed by the prayer, which claims primarily to the other relief, that the plaintiff be restored to the possession. For the injuries to the soil and trees and freehold, while the plaintiff was out of the possession, there could be no recovery until a re-entry, or the plaintiff had the judgment of a competent court awarding him the possession. *Campbell v. Arnold,* (1 *John. R.* 511,) was an action of trespass for cutting down trees. At the time of the trespass, one Archibald was in the actual possession of the *locus in quo,* under the plaintiff. There was a verdict for the plaintiff, which was afterwards set aside, the court holding that a general property in real estate is not sufficient to maintain the action, and that there must be possession in fact, to entitle him to a verdict. The same rule was reiterated in *Wickham* v. *Freeman,* (12 *John. R.* 183,) quoting 2 *Roll. Ab.* 553, 6 *Bacon's Ab.* 566, where it is said the disseisee of land cannot maintain trespass *quare clausum fregit,* for an injury done thereto betwixt the time of disseision and re-entry, for he does not, until a re-entry, regain the possession in fact of land. *Dewey* v. *Osborn,* (4 *Cowen,* 329,) was an action of trespass by the lessor in ejectment against the servant of the defendant, for the removal of certain buildings from the premises recovered, intermediate the verdict and the execution of the writ of possession. There was a verdict for the plaintiff, and a motion for a new trial, which was refused, the court saying, " The general proposition that trespass *quare clausum fregit* can be sustained only by the person who had the actual possession when the injury was committed, cannot be questioned. But it is also true that, in case of disseisin, the disseisee, after he has regained the possession by entry, may maintain trespass against the disseisor and his servants for acts intermediate the disseisin and re-entry ; for as to them the law, after a re-entry, supposes the freehold to have continued in the disseisee. No error therefore was committed, and no injustice was done to the plaintiff in granting the defendant's motion, that he elect upon which of the causes of action he would proceed ; because, from the

facts set out in his complaint, he could not recover for the trespass until̄ he recovered the possession and re-entered. The plaintiff excepted, and thereupon elected to proceed for the recovery of the possession.

The defendant then took the further objection, that there were no lands described in the complaint. The description is northwardly, eastwardly and westwardly by the land of the plaintiff, and southwardly by the land of the defendant; and the lands claimed are alleged to have been in the possession of the plaintiff at the time of the ouster, and in the possession of the defendant at the time the action was commenced. This description, as I read and understand it, embraces nothing whatever; because, assuming that which the complaint asserts to be true, that the lands of the plaintiff and the lands of the defendant join upon a line running east and west, there can be no intermediate territory where the lines unite and are blended into one line. The plaintiff insisted that the defendant should have moved, under section 160 of the code, to have the pleading made more certain and definite, or applied for a bill of particulars, under section 158. If the complaint omits to describe any premises whatever, there is nothing of which the particulars could have been given, and nothing to be made definite and certain. The complaint contains no facts constituting a cause of action, and the defendant had his election to demur or avail himself of the defect, upon the trial.

The action of ejectment was made the subject of very considerable changes by one of the new statutes, which took effect in January, 1830. Amongst them was one which required that the premises claimed should be described with convenient certainty, " so that from such description, possession of the premises claimed might be delivered." (2 *R. S.* 304, § 8.) Another, which required the verdict to specify whether the jury found for the whole or for a part of the premises claimed, (§ 30,) and another, that the writ of possession should describe the premises to be delivered, with like certainty. (§ 34.) These valuable innovations were intended to settle and define the rights of the parties, and enable officers to execute the process of the court, issued in

Budd *v.* Bingham.

such actions. That they were not designed to be abandoned, is evident from section 455 of the code, which provides that the general provisions of the revised statutes, relating to actions concerning real property, shall apply to actions brought under the code ; and also from the 4th subdivision of section 289, which directs that if the execution "be for the delivery of real or personal property, it shall require the officer to deliver possession of the same, particularly describing it." The verdict and judgment in the action of ejectment is conclusive upon the rights and the title of the parties, after the lapse of two years. (2 *R. S.* 309, §§ 36, 37.) Suppose the plaintiff in this action had gone to the jury and obtained a verdict; for what lands would the verdict have been given? And in respect to what lands would the judgment have concluded the defendant? Or, suppose the plaintiff had desired to reap the fruits of his recovery ; his execution must have followed the judgment, and commanded the sheriff to deliver the possession of the lands recovered by the verdict. But as neither the complaint nor the verdict described any lands, none could have been delivered in execution of the judgment. The court, it is true, might have proceeded with the trial in its discretion, and if the plaintiff had established a right to recover, have taken the verdict, and permitted him to amend in conformity with the evidence. This course would not have been just to the defendant. If the complaint was defective to the extent of omitting such facts as were necessary to maintain the action, it was the fault of the plaintiff and not of the defendant. Justice demanded it should be dismissed, with leave to the plaintiff to amend upon terms. This was the order made at the circuit and affirmed at the special term.

The motion for a new trial should be denied.

[KINGS GENERAL TERM, October 3, 1854. *Brown, Dean* and *Rockwell,* Justices.]