WILLIAM BUCHER, RESPONDENT, v. REUBEN CAR-
ROLL AND JOHN FERTIG, APPELLANTS.

*Ejectment — what constitutes an action of, so as to entitle a party to a new trial
on payment of the costs — 2 R. S., 309, § 37.*

The complaint alleged that the defendants were in possession of certain lands which were owned by the plaintiff, and that they wrongfully withheld the possession thereof from him. It then alleged that the lands were valuable as oil land; that the defendants had put down an oil well, and taken up and sold large quantities of oil therefrom; that they were about to put down other wells from which they intended to take oil and to sell the same, and by so doing they would render the lands valueless as oil lands. It concluded with the usual prayer in ejectment, and with a prayer for an accounting as to the value of the oil taken, for the appointment of a receiver, and a temporary injunction against the defendant.

The answer alleged possession under a lease from the plaintiff, and a waiver of a breach of certain of the conditions therein. The plaintiff replied, alleging that the lease was void by reason of a breach of condition.

The action was tried before the court without a jury, and the complaint dismissed upon the merits.

*Held,* that the action was one in ejectment, and that its nature was not altered by the addition of allegations tending to show the nature or amount of the damages to be assessed for the wrongful withholding of possession.

That under 2 R. S., 309, § 37, the plaintiff was entitled to a new trial as a matter of right upon payment of costs.

APPEAL from an order made at the Cattaraugus Special Term, awarding a new trial to the plaintiff on payment of the costs, under the statute in respect to new trials in ejectment.

The complaint contained all the essential averments to support an action of ejectment : (1.) It averred that the plaintiff was the owner in fee of the lands described. (2.) That the defendants were in possession and unlawfully withheld possession thereof, and (3.) That plaintiff was entitled to the immediate possession thereof.

The complaint then contained further averments to the effect : (1.) That the lands were valuable oil lands. (2.) That the defendants had put down an oil well and were taking large quantities of oil therefrom and would do so in the future, and that the oil was and would be of great value. (3.) That defendants intended to sell and convert the oil, and had sold and converted some into money; that the oil would be exhausted and the well rendered useless, to the damage of plaintiff. (4.) That defendants were about to engage in putting down more wells. (5.) That should said oil wells be put down and the oil taken therefrom, the lands would become valueless as oil lands and be otherwise reduced in value to the damage of plaintiff.

. Then followed the ordinary prayer in ejectment.

. And, secondly, also a prayer that the defendants account for all oil taken and the value thereof, and that a receiver be appointed of 'said oil,' well and property, and that the defendants be restrained, etc.

To the complaint the defendants put in an answer in which they denied the complaint and each and every allegation therein contained, except as thereinafter expressly alleged and set forth.

Then followed a statement of their defence, to wit : that the plaintiff gave a lease of the lands to the defendant Fertig, which lease was stated in detail, and that Fertig assigned one-half of the lease to defendant Carroll ; that in August, 1877, the defendants.

entered into possession of the premises and commenced sinking wells thereon and expended large sums of money, and the plaintiff assented thereto and stated that certain conditions in the lease were waived, and an extension of time given in respect to the first well by the plaintiff, and they further averred that they were not in default.

To the answer the plaintiff replied, that there was a breach of the condition of the lease, and that notice thereof, and that the lease was at an end and void, was given to defendants.

The cause was tried before the court without a jury, and the decision was in favor of the defendants, and the complaint was dismissed upon its merits.

The plaintiff paid the costs, and asked for an order awarding a new trial, which the defendants opposed; it was granted, and from it the defendants appealed.

*Cary, Jewel & Rumsey*, for the appellants.

*G. H. Phelps*, for the respondent.

Hardin, J.:

The amendment of the Revised Statutes in 1862 (chap. 485), provided for cases tried before the court without a jury, and before referees; and, therefore, the original statute as thus amended applies to a case like this tried by the court without a jury, if the judgment vacated was a "judgment in the action of ejectment rendered upon ' * * * a decision of a single judge upon the facts." (2 N. Y. Stat. [Edwards], § 36, 317.

By section 43 of the Revised Statutes cited *supra*, the plaintiff upon recovering judgment in ejectment * * * shall also be entitled to recover damages against the defendant for the rents and profits of the premises recovered.

As the complaint contained all the elements essential to the statement of a good cause of action in ejectment, the statute referred to *supra* applies, unless the insertion of the other allegations takes the case out of the statute.

It was held before the Code that the statute applied to legal actions exclusively in ejectment, and it was never applied to equitable actions. *Shumway* v. *Shumway*, 42 N. Y., 145, op. of

FOSTER, J.) That case is an authority for holding that the rule is the same since the Code.

That was a case where an action was brought to set aside the deed of the ancestor as having been obtained by undue influence, and because the grantor had not capacity to make it. At the trial it was held and decided that the grantor had not capacity, and that it was obtained by fraud, and the deed was set aside, and the court adjudged that the title was in the heirs-at-law and that the plaintiffs were entitled to possession. Thus it appears that the action was in the nature of a bill in equity to strike down the deed, and to have such relief as the parties were entitled to, with the deed canceled.

But in the case in hand the complaint avers title in the plaintiff, that the defendants are in possession and wrongfully withhold the possession, and states additional facts in respect to questions which might arise in assessing the damages for wrongfully withholding the premises, and upon which an application for a receiver might be based.

But we do not see that the facts stated in addition to the ordinary averments in ejectment change the cause of action from ejectment to one in equity for equitable relief only. (*Hudson* v. *Caryl*, 44 N. Y., 553.) We think the complaint must determine the character of the action. (*Olendorf* v. *Cook*, 1 Lans., 37.)

"The only consequence of joining with such a cause of action other equitable causes which are well founded is, that all must be tried with a jury" (opinion of JOHNSON, C., in *People* v. *A. and S. R. R. Co.*, 57 N. Y., 174; and *Davis* v. *Morris*, 36 id., 569; *Bradley* v. *Aldrich*, 40 id., 511).

When the defendants set up the lease and averred that they were holding under it, and that there had been no breach of it, it was proper for the plaintiff to reply that there was a breach of the conditions in the lease, and therefore that it was not any defence to the legal action of ejectment stated in plaintiff's complaint. (*Phillips* v. *Gorham*, 17 N. Y., 270; *Cuff* v. *Dorland*, 55 Barb., 496; *Carpenter* v. *Ottley*, 2 Lans., 455.)

The plaintiff sought to recover possession of his lands upon his legal title, and the other averments were mere incidental facts which did not change the character of the action.

Being for the strict legal right to the lands and for damages for withholding, we think it was properly held at the Special Term that the Revised Statutes applied, and entitled the plaintiff to a new trial as a matter of right upon payment of the costs of the action.

The order is right and is affirmed, with ten dollars costs and disbursements.

Present — TALCOTT, P. J., and SMITH, J., concurred.

Order affirmed, with ten dollars costs and disbursements.