(11 Misc. Rep. 390.)

### WINCH v. FARMERS' LOAN & TRUST CO. et al.

(Common Pleas of New York City and County, General Term. February 4, 1895.)

1. CONTRACTS—CONSTRUCTION—ALLEGING PERFORMANCE.

An agreement signed by defendants recited that they proposed to form a gas company; that plaintiff was in possession of certain information likely to be of value to them; that, "in consideration of said W. [plaintiff] having given us such information," they agreed to give him certain bonds; and that "it is understood that said information is of a character to directly affect the validity or operation of a certain contract" which defendants had made, or were about to make, with the owners of a certain charter or franchise. *Held*, that defendants' promise referred to information which plaintiff was yet to impart, and therefore the complaint was defective, in not alleging that plaintiff had given the information, or stating a valid excuse for his failure to do so.

2. PLEADING—AMENDMENT.

A complaint which is defective, in that it does not state that plaintiff had performed, on his part, the conditions of the contract sued on, may be amended by inserting such allegation.

3. APPEAL—EXCEPTIONS—RULING ON QUESTION OF LAW.

Where a motion for leave to amend the complaint is denied on the erroneous ground that the instrument sued on was a promise to pay for past services, and therefore not enforceable, such ruling is on a question of law, and an exception thereto presents a matter for the consideration of the appellate court.

Appeal from trial term.

Action by Charles F. Winch against the Farmers' Loan & Trust Company, as executor of the will of Benjamin F. Sherman, deceased, and Henry E. Fanshawe, to recover for breach of alleged agreement to compensate plaintiff by payment in bonds for services in imparting particular information. The complaint was dismissed, and plaintiff appeals. Reversed.

Argued before DALY, C. J., and BOOKSTAVER and BISCHOFF, JJ.

Edward Swann, for appellant.
Wm. D. Veeder, for respondent Trust Co.
Edward B. Hill, for respondent Fanshawe.

BISCHOFF, J. The action was brought to recover upon the following instrument, which was annexed to, and by appropriate and sufficient averment made a part of, the complaint:

"New York, March 4th, 1890.

"Whereas, we, the undersigned, for ourselves and others in interest, propose the formation of a gas company in Brooklyn, or for operation in Brooklyn, or the operation in Brooklyn of a company already formed; and whereas, Charles F. Winch, of New York, is in possession of certain information which, if imparted to us, is likely to be of value to us: We hereby agree, in consideration of said Winch having given us such information, to give said Winch five (5) bonds at first mortgage of said gas works or said company, making a par value of five thousand dollars in the best of any securities issued, and payable as soon as issued or printed. It is understood that said information is of a character to directly affect the validity or operation of a certain contract or agreement now made, or in progress of making, between us and the owners or supposed owners of a charter or franchise commonly known as the 'Equity Charter of the Equity Company of Williamsburgh, Brooklyn.'

"[Signed]                                              B. F. Sherman.
                                                       "Hy. E. Fanshawe.

"Witness: E. M. Carroll."

The complaint alleged that the "agreement" was entered into "for valuable consideration"; that the bonds "agreed" to be given were those of the "Equity Gaslight Company of the Eastern District of the City of Brooklyn"; that said company had "printed and issued" its bonds; and that the defendant, after due demand, had severally failed to deliver the "five bonds, as agreed," or any other bonds. It further alleged the death of Sherman; that his last will and testament, of which the Farmers' Loan & Trust Company was nominated and appointed executor, was admitted to probate; and that such trust company had duly entered upon the performance of its duties as such executor. Judgment was demanded in the sum of $5,000, damages alleged to have resulted to the plaintiff from the failure to deliver the bonds. It was not, however, particularly alleged that the plaintiff did impart the information alluded to, or that he had otherwise performed the agreement on his part. The making of any such agreement was severally denied by the defendants. When the cause was called for trial, and the jury had been sworn, the learned trial judge, before any evidence was taken, and on motion of counsel for each of the defendants, dismissed the complaint, upon the ground that no cause of action was predicable of the facts therein alleged. The plaintiff's counsel opposed the motion for dismissal, and also requested leave to withdraw a juror and to amend. The request was denied, and to the several rulings an exception appears in the record.

Some doubt arose at the trial with regard to the proper meaning of the instrument annexed to the complaint. Viewing it as an agreement made upon sufficient consideration, namely, that Sherman and Fanshawe thereby promised to pay in bonds for information which the plaintiff promised to supply thereafter, no error is predicable of the learned trial judge's ruling that the complaint was defective, upon application of the familiar rule that performance, or an excuse of nonperformance, of a condition precedent, must be averred and proved. Oakley v. Morton, 11 N. Y. 25, 30; Levy v. Burgess, 64 N. Y. 390, 394; Tooker v. Armoux, 76 N. Y. 397, 400; Bogardus v. Insurance Co., 101 N. Y. 328, 334, 4 N. E. 522. Construing the instrument, however, to have been a mere promise

by Sherman and Fanshawe to pay for information already imparted, the trial judge deemed the complaint to be wanting in substance because of the omission of an averment that the information was imparted at the request of the promisors, express or implied. Obviously, in the absence of such a request, the promise to pay was nudum pactum, and the omission to allege it rendered the complaint fatally defective. 3 Am. & Eng. Enc. Law, p. 838, and cases collated in the notes; Baylies, Code Pl. 135; Maxw. Code Pl. 84; Bliss, Code Pl. § 276, 277; Boone, Code Pl. § 19; Livingston v. Rogers, 1 Caines, 583.

We are clear, however, from a careful scrutiny of the entire context of the instrument, that Sherman and Fanshawe's promise had reference only to information which the plaintiff was yet to impart; the language, "in consideration of said Winch having given such information," having been employed in the sense of "when," "provided," or "if" "said Winch" shall have "given such information." In that view, as already stated, the complaint was defective, in that it did not allege that the plaintiff did impart the information, or an excuse for not having imparted it.

As we construe the instrument, the complaint was open to amendment, since an allegation of the plaintiff's performance, or of an excuse of his nonperformance, would not necessarily conflict with the terms of Sherman and Fanshawe's alleged promise. If the party seeking to avail himself of the other's defective pleading chooses to wait until the cause is moved for trial before he makes known his objection, the "furtherance of justice" admits of even a more than ordinarily generous use of the power conferred upon the trial court (Code Civ. Proc. § 723) to grant leave to amend (Woolsey v. Village of Rondout, *41 N. Y. 603, 604, 4 Abb. Dec. 639); particularly so, if it be considered that the party whose pleading is at fault, unless relief can be had upon a motion for a new trial at special term, may be remediless should special or peculiar hardship result from a refusal to grant such leave. A request for leave to amend at the trial, if the proposed amendment is one which it is within its province to allow, is addressed to the discretion of the trial court. Miner v. Baron, 131 N. Y. 677, 30 N. E. 481. An appeal to the general term from a final judgment may be taken only upon questions of law or questions of fact, or both. Code Civ. Proc. § 1346. No question of fact is involved upon appeal from a judgment which directs a dismissal of the complaint for insufficiency of the facts alleged, and a ruling upon a matter resting in the discretion of the court is not a ruling upon a question of law (Wells, Law & F. § 735), and so not subject to exception (Code Civ. Proc. § 992–996). An exception, therefore, which was taken to the allowance of an amendment, where the amendment was one which the trial court could allow, was held inoperative for any purpose. Olendorf v. Cook, 1 Lans. 37, 39. In the case at bar, however, it affirmatively appears that the request of the plaintiff's counsel for leave to amend the complaint was refused, not upon grounds of discretion, but from an erroneous view which the trial court adopted with regard to the proper construction of the instrument annexed to the complaint. The court, upon the

contention of counsel for both defendants, treated the instrument, for the purposes of the request of the plaintiff's counsel, as a mere promise by Sherman and Fanshawe to pay for the plaintiff's past services,—a construction with which, as already stated, we do not agree. The defendants will not upon this appeal be permitted to assume a position inconsistent with the one assumed upon the trial (Fay v. Muhlker, 1 Misc. Rep. 321, 323, 20 N. Y. Supp. 671, and cases there cited); and, since the construction of the instrument presented a question of law, the ruling of the court upon the request for leave to amend was, under the circumstances, a ruling upon a like question. The exception taken to the refusal to grant leave to amend, therefore, presents error for which the judgment should be reversed. Leave to amend should be sought by the plaintiff upon an application to the court at special term. Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.