(17 Misc. Rep. 149.)

### BASSFORD v. SWIFT et al.

(Supreme Court, Appellate Term, First Department.   May 25, 1896.)

1. ATTORNEY AND CLIENT—RATIFICATION OF ACTS OF ATTORNEY.

In an action for legal services alleged to have been rendered by plaintiff for defendants, it appeared that defendants had employed one S. to prosecute a claim against a city, and that S. retained plaintiff to do the work. After two unsuccessful attempts to secure payment of the claim, defendants withdrew the matter from the hands of S. Afterwards plaintiff procured the allowance of the claim, but did not inform S. or defendants of that fact, but it was discovered by S., and the money was collected by defendants. *Held*, that the acceptance of the money by defendants did not show a ratification by them of plaintiff's act, where no circumstances were shown which could put them on inquiry.

2. PLEADING—ALLEGING CONSIDERATION.

An allegation in a complaint for services that the services were "of the agreed price and reasonable value," but which does not state that plaintiff was employed by defendants, or that he performed the services at their request, is not sufficient to show a consideration for defendants' promise to pay.

Appeal from Second district court.

Action by Thomas S. Bassford against Gustavus S. Swift and another to recover for "professional services for defendants of the

agreed price and reasonable value of $175." The defense was a general denial, and an averment that if plaintiff performed any services for defendants it was done without their knowledge and consent, and with notice to plaintiff not to perform them. From a judgment entered on a verdict in favor of plaintiff, defendants appeal. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Carlos C. Alden, for appellants.

Alfred B. Hall, Jr., for respondent.

DALY, P. J. The plaintiff, an attorney at law, has recovered a judgment against the defendants for legal services in procuring an award of damages in their favor against the city by reason of a change in the grade of the street in front of their premises. In 1888 the defendants retained their counsel, Mr. Swan, to press their claim for an award, and Mr. Swan, without authority from them, retained the plaintiff on an agreement to pay him 25 per cent. of the amount recovered. The plaintiff had several hundred claims of a similar nature in his hands. There was ground for a finding that the defendants subsequently had notice that the plaintiff was to act for them in the matter, because they verified the petition sent to them by him, upon which his name and address were indorsed as attorney for the petitioners. The first application for an award was unsuccessful, and another proceeding was instituted by the plaintiff in 1892, with a like result. In 1894 the defendants notified Mr. Swan that they withdrew the matter from his hands, but gave no such notice to the plaintiff. Mr. Swan, however, testifies that he notified the plaintiff that the defendants had withdrawn the case. This was denied by the plaintiff. It was undisputed, however, that Mr. Swan applied for and received back from plaintiff's office the title deeds which had been left with him upon the original retainer. The plaintiff afterwards made a third and successful application on behalf of the defendants and other claimants, and succeeded in obtaining an award for $700 for the defendants. No representation of the fact was made by him to Mr. Swan nor to the defendants, and the award was subsequently discovered by Mr. Swan, and collected by the defendants. When the case was closed, it thus appeared that the plaintiff may have acted as the attorney of defendants with their knowledge, and consequently that his retainer by Mr. Swan, though unauthorized in the first place, was ratified. And upon the evidence it could be claimed by plaintiff that his authority had not been revoked according as the jury found upon the dispute of fact between him and Mr. Swan. If the facts were found in his favor, this would give him a right to recover for his services under the retainer by Mr. Swan, because, having notice of such retainer, and ratifying it, the defendants would be bound by its terms if they took no precautions to ascertain what those terms were before allowing the plaintiff to proceed in the matter. The case was not, however, submitted to the jury upon this theory, but upon the erroneous assump-

tion that authority in Mr. Swan to retain the plaintiff might be implied from the defendants' employment of Mr. Swan. Upon this point the defendants' counsel asked the justice to charge that there was no evidence in the case that Mr. Swan was ever constituted an attorney in fact of the defendant Swift. The court refused to charge it, leaving that question to the jury. The defendants' counsel also asked the justice to charge that, if the jury found that Mr. Swan notified Mr. Bassford of the withdrawal of the defendants' employment of him (Mr. Swan), subsequent services by Mr. Bassford could not be recovered for. The justice charged that, if the jury found that for services rendered, even after this, the defendants have ratified generally and received the benefit of, they would still be liable, to which the defendants excepted. There was no evidence that the defendants ratified the act of the plaintiff after the withdrawal of the employment of Mr. Swan. Such ratification could only be inferred from their acceptance of the award under circumstances which could put them upon inquiry as to how it was obtained, and no such circumstances are shown. Withdrawal of the plaintiff's employment would be effectual to cut off his claim for subsequent services if made in good faith after his failure to prosecute the claim successfully, and without any attempt to deprive him of his compensation as by interference with his proceedings on the eve of success.

A question arises upon the pleadings. At the commencement of the case the defendants moved to dismiss the complaint because it failed to state facts sufficient to constitute a cause of action, and the objection was that the plaintiff did not allege an employment by the defendants, nor that the services were performed at their request. The allegation is that the services performed were "of the agreed price and reasonable value." If it is a reasonable inference that an agreement was made between the plaintiff and defendants, it does not appear whether it was made before or after the rendition of the services. If made after the services rendered, without employment or request of the defendants, there could be no recovery. Consideration must consist of a present or future act. A past act cannot serve as a consideration for a promise. 3 Am. & Eng. Enc. Law, 838; Winch v. Trust Co., 11 Misc. Rep. 390, 32 N. Y. Supp. 244. The complaint left it doubtful and uncertain when the agreement between the parties was made, "and when a pleading is susceptible of two meanings, that should be taken which is most unfavorable to the pleader." Clark v. Dillon, 97 N. Y. 370. It is apparent, therefore, that the complaint should have been amended by proper allegations of employment by the plaintiff before the rendition of the services, or the complaint should have been dismissed.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.