### LEIMAN v. ROSENZWEIG.

(Supreme Court, Appellate Term. March 14, 1907.)

PLEADINGS—CONSTRUCTION.

Code Civ. Proc. § 519, provides that the allegations of a pleading must be liberally construed, with a view to substantial justice between the parties. A complaint alleged that, in consideration of plaintiff "waiving his right to collect outstanding accounts due to plaintiff and defendant jointly and permitting defendant to collect and retain the same," defendant promised to pay plaintiff a specified sum of money. The answer contained a general denial and a counterclaim, and alleged a copartnership of the parties and a dissolution thereof, and the reply alleged that at the time the copartnership was dissolved defendant agreed to pay plaintiff his share of the assets, which consisted, among other things, of the sum mentioned in the complaint. *Held*, that the allegations of the reply should be used in aid of the complaint, and, construing the pleadings as a whole, a contention that the phrase, "In consideration of this, plaintiff," etc., could not be construed to mean that the "waiving" constituted a then present act, but that it referred to something done in the past or to be done in the future, was untenable, and no ground for a motion to dismiss the complaint.

Appeal from City Court of New York, Trial Term.

Action by Simon Leiman against David Rosenzweig. From a judgment in favor of plaintiff and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and DAVIS and HENDRICK, JJ.

Liebermann & Spira, for appellant.

Joseph Gans, for respondent.

HENDRICK, J. The complaint contains the following allegation:

"First. That heretofore, in consideration of this plaintiff waiving his right to collect certain outstanding accounts due to the plaintiff and the defendant jointly, and permitting the defendant to collect and retain the same, the defendant promised and agreed to pay this plaintiff the sum of five hundred and fifty-two and 15/100 dollars."

The complaint then alleges that no part of that sum has been paid, and demands judgment for that amount. The answer contains a general denial and sets up a counterclaim, alleging the copartnership of the parties, the dissolution of the partnership, a final accounting and division of the assets, and that plaintiff fraudulently misappropriated to his own use, by means of checks drawn upon the copartnership account in the State Bank, the sum of $406, and demands judgment that the complaint be dismissed, and that plaintiff pay to the defendant the sum of $406; that being the amount which it is alleged he drew from the copartnership account. It will be seen at once that the demand for $406 is error; for, if the amount were drawn from the copartnership account, as alleged, one-half of it, in any event, belonged to the plaintiff.

The defendant moved to dismiss the complaint at the end of the plaintiff's case, and again at the close of the trial. These motions were based upon the wording of the first paragraph in the complaint; it being claimed by the defendant that the words, "in consideration of this plaintiff waiving his right to collect certain outstanding accounts * * * and permitting the defendant to collect and retain the same," cannot be construed to mean that the "waiving" and the "permitting" constituted a then present act, which was part of the contract then and there made, and the consideration therefor, but the waiving referred either to something done in the past or something to be done in the future. In his brief, the appellant's attorney enters into a lengthy argument, the purpose of which is to demonstrate that the construction to be given the complaint left something to be done by the plaintiff, namely, that he should thereafter waive, and that he should thereafter permit, and that his future actions of waiving and permitting had not been performed, nor is there an allegation in the complaint of the performance of these prerequisites to the right of recovery. I think the clear meaning of the allegation in the complaint is that plaintiff, at the time of the making of the agreement alleged, then and there waived his right to collect the outstanding accounts, and then and there permitted the defendant to collect and retain the same, and that the waiver and the promise to pay were simultaneous, and each a part of the then completed agreement. The common-law rule that every pleading should be construed strictly against the pleader has been changed by the Code of Civil Procedure, which provides (section 519) that the allegations of a pleading must be liberally construed, with a view to substantial justice between the parties. Moreover, in the reply it is alleged that, at the time the copartnership was dissolved, "the defendant agreed to pay the plaintiff his share of the copartnership assets, which consisted, among other things, of the sum of five hundred and fifty-two dollars and fifteen cents, mentioned in the complaint," etc. The allegations in the plaintiff's reply to the answer of the defendant should

be used in aid of the complaint, and, construing the pleadings as a whole, it is sufficiently clear that the allegation is that of an agreement on the one part to waive rights in the copartnership accounts, and on the other to pay a stated sum for the relinquishment of such rights.

The cases cited by the appellant, Winch v. Farmers' Loan & Trust Company (Misc. Rep.) 32 N. Y. Supp. 244 and Bassford v. Swift (Sup.) 39 N. Y. Supp. 337, do not aid us in construing these pleadings. In the former case the construction of the pleading was not involved, but of an agreement, and it clearly appears that the information to be given was not given at the time of the making of the agreement, and was of a nature "which, if imparted to us, is likely to be of value to us." This information was to be imparted in the future, and, there being no allegation that it had been so imparted, there was, of course, no allegation of performance. In the latter case (Bassford v. Swift) it did not appear whether the agreement alleged was made before or after the rendition of the services. The court says:

"If made after the services rendered without either employment or request of the defendant, there shall be no recovery. Consideration must consist of a present or future act. A past act cannot serve as a consideration for a promise."

But in the case under consideration it was the present act of waiver by the plaintiff of his interest in the joint accounts which served as a consideration for the promise of the defendant to pay him therefor. While it may be argued that the evidence to support the verdict is not of the clearest character possible, it cannot be said that the essential facts were uncontroverted, or that the verdict was based upon insufficient evidence. The plaintiff testifies to the agreement, and that the defendant agreed to pay him in eight days the sum of $552.15; that it was said that the defendant was to collect the money outstanding and plaintiff was not to have anything to do with the collection, and thereafter the plaintiff did not go near the debtors; and the plaintiff testified:

"At the time this figuring was completed, when Rosenzweig told me he would pay me $552, I had him stipulate in writing, saying that I was not to be responsible for any of the firm debts. He gave me this paper. He signed it in my presence."

The paper is among the exhibits in the case. Plaintiff claimed $552.15 by reason of the agreement alleged in the complaint, and the jury rendered a verdict for $300. It was claimed in the defendant's counterclaim that the plaintiff had drawn from the bank account the sum of $406. Half of this belonged to the defendant. It also appeared that the defendant had not collected three small accounts, aggregating $78.10, half of which would be $39.05. This, added to $203, one-half of the amount drawn from the bank account, makes $242.05, which would make the amount of the verdict within $10 of what a strict balance between the parties would be. I do not think that the exceptions raise questions of sufficient importance to warrant a reversal of the judgment.

Judgment should be affirmed, with costs. All concur.