ELIZABETH S. EDWARDS, Appellant, *v.* EDGAR A. TENNIS, Respondent.

(Supreme Court, Appellate Term, First Department, January, 1919.)

Consideration — what establishes a valid — evidence — railroads — contracts — promise — when judgment dismissing complaint reversed.

Plaintiff, the owner of the controlling stock of a railroad company having valuable rights, brought the project of an extension of its system to the attention of defendant, who wanted to control the company, and, as a necessary step to such end, plaintiff agreed to permit her stock to be voted on by proxy in favor of a proposed reorganization which would and did give defendant such control, and he, by a written agreement recognizing his valid legal obligation to compensate ·plaintiff, agreed to pay her a certain sum as part of the consideration to be by her received. In an action to recover a balance alleged to be due under the agreement, *held,* that the facts established a valid consideration for defendant's promise and made out a *prima facie* case in plaintiff's favor, ·and a judgment dismissing the complaint will be reversed and judgment directed in favor of plaintiff.

Where plaintiff testified that she was to transfer no interest in the railroad to defendant, and the defendant's version of the transaction was that plaintiff's consideration for the sum of money to be paid by defendant was the transfer of the controlling interest which plaintiff had in the railroad and the delivery of her certificate of stock to the board of directors of

39

. the newly organized railroad company, so that a new certificate might be issued to her, and defendant admits that the transfer of the controlling interest was performed by the plaintiff allowing her stock to be voted on by proxy, the result of which was an increase of the capital stock, the trial justice in determining, as matter of law, that the evidence showed no consideration for defendant's promise to pay, erred.

The disputed question whether plaintiff agreed to surrender her stock and accept in lieu thereof an equal amount of the new issue, or whether she was to continue to hold her original stock, and merely agreed to allow it to be voted on, not having been determined, it must be assumed, for the purpose of considering whether as matter of law the complaint was properly dismissed, that plaintiff's· version of the agreement in that respect is true.

The trial justice also erred in assuming that the following clause of the agreement: "In consideration of your having suggested to me the above railroad project, which, after investigation, I have decided to endeavor to finance, construct and operate, I hereby acknowledge myself to be indebted to you," referred to a past gratuitous service which would not be a valid consideration for any promise, as the contract itself referred to it as a service performed by plaintiff for defendant, the presumption was that it was at defendant's request and such presumption was borne out by the following clause of the contract: "I confirm understanding with you relative to any interest you may have in the Central Carolina Railroad Company in addition to the physical possession of the certificate for 100 shares of the capital stock." The fair construction of this part of the agreement is that the suggestion of the railroad project was made pursuant to an understanding between plaintiff and defendant, which defendant understood to have included a promise of compensation.

APPEAL by plaintiff from judgment of the Municipal Court of the city of New York, borough of Manhattan, fourth district, dismissing the complaint.

J. Edward Murphy, for appellant.

Levy & Nemerov (Nathaniel Levy, of counsel), for respondent.

GUY, J.   Plaintiff sued to recover balance alleged to be due under a written agreement signed by the defendant under date of May 24, 1917, whereby the defendant agreed as follows:

" I confirm understanding with you relative to any interest you may have in the Central Carolina Railroad Company in addition to the physical possession of the certificate for 100 shares of the capital stock of said Railroad Company and which certificate of stock you are by mutual agreement to continue to own without respect to any compensation hereinafter referred to.

" In consideration for your having suggested to me the above railroad project, which, after investigation, I have decided to endeavor to finance, construct and operate, I hereby acknowledge myself to be indebted to you in the sum of $10,000, which, by mutual agreement, has been decided upon as compensation for any interest you may have in said railroad project outside of the certificate of stock above referred to.

" I am to pay you the said sum of $10,000 as follows: $200 cash, receipt whereof is hereby acknowledged, and a further sum of $800 at the rate of $100 every thirty days, beginning with June 1, 1917. Thereafter you are to receive $1000 cash as each ten miles of railroad of the above Central Carolina Railroad Company is completed, the understanding being that the balance of $9000 should become due and payable by not later than July 1st, 1919.   *   *   *   This understanding is to obligate myself, heirs, administrators or assigns for the faithful performance of the obligations herewith assumed."

The defense was want of consideration and counterclaim for $900.

Defendant paid the sum of $900, and this action is

brought to recover the balance of $100 which was due January, 1918.

The court dismissed the complaint and in the opinion filed states: " The writing speaks of two possible considerations, one expressed in words indicative of an act performed in the past, and the other of an act to be performed in the future. * * * There is nothing in the paper or in the evidence that this suggestion has been made at the request of the defendant. * * * This unsolicited suggestion, therefore, cannot serve as a consideration. The only other consideration mentioned in the writing is where it speaks of the $10,000 as having been decided by mutual agreement as compensation for any interest the plaintiff may have in said railroad project outside of the certificate of stock for 100 shares owned by her. * * * In her testimony the plaintiff says she was to transfer no interest to the defendant. * * * According to her own testimony she was to do nothing for this $10,000. The defendant's version of the transaction is that the plaintiff's consideration for the sums of money to be paid by him was the transfer of the controlling interest which she had and the delivery of her certificate of stock to the Board of Directors of the newly organized railroad so that a new one might be issued to her. The defendant admits that the first part of the consideration, namely, the transfer of the controlling interest, was performed by the plaintiff allowing her stock to be voted on by proxy, the result of which was the increase of the capital stock.''

In so determining as matter of law that the evidence showed no consideration for defendant's promise to pay $10,000 the learned trial court erred.

The court did not determine the disputed question of fact whether, as defendant contended, the plaintiff agreed to surrender her 100 shares of stock and accept

in lieu thereof 100 shares of the new issue of stock; or whether, as plaintiff testified, she was to continue to hold her original stock and merely agreed to allow her stock to be voted by proxy in favor of the proposed increase of stock; and for the purpose of considering whether, as matter of law, the complaint was properly dismissed, it must be assumed that plaintiff's version of the agreement in that respect is true.

As to that part of the agreement which says: " In consideration for your having suggested to me the above railroad project, which, after investigation, I have decided to endeavor to finance, construct and operate, I hereby acknowledge myself to be indebted to you," the learned trial justice erred in assuming that said clause referred to a past gratuitous service, which would not be a valid consideration for any promise. The contract refers to it as a service performed by plaintiff for defendant, and the presumption would be that it was at the request of the defendant rather than that it was gratuitous. This is borne out by the words " I confirm understanding with you relative to any interest you may have in the Central Carolina Railroad Company in addition to the physical possession of the certificate for 100 shares of the capital stock."

In *Winch* v. *Farmers' Loan & Trust Co.,* 11 Misc. Rep. 390, where the language used was " In consideration of said Winch having given such information," the court held that " having given " was employed in the sense of " when, provided, or if," but that the complaint was demurrable for the reason that plaintiff failed to allege he had duly performed.

The fair construction of the part of the agreement above referred to is that the suggestion of the railroad project was made pursuant to an understanding between plaintiff and defendant, which defendant

understood to have included a promise of compensation. " He intended to give his obligation as a satisfaction of a legal consideration which had been received by him; that it was a payment and not a mere gratuity measured by and resting upon mere sentiment." *Yarwood* v. *Trusts & Guarantee Co., Ltd.,* 94 App. Div. 47; appeal dismissed, 182 N. Y. 527. " While mere gratuitous services are an insufficient consideration for an executory agreement or promise, the performance of services and furnishing of board and valuable things, not as a gratuity but in expectation of being compensated therefor, is sufficient to sustain a promissory note for an amount in excess of the real value of the services performed or things furnished." *Matter of Bradbury,* 105 App. Div. 250, 255.

The undisputed evidence establishes that plaintiff owned the controlling outstanding stock of a corporation having valuable rights and brought the project of an extension of its system to defendant's attention; that defendant wanted control of the company, and, as a necessary step in obtaining such control, the plaintiff agreed to permit her stock to be voted by proxy in favor of the proposed reorganization, which would and did give him said control; that the defendant, in writing, recognized his valid legal obligation to compensate plaintiff therefor and agreed to pay her the sum sued for as part of the consideration she was to receive. This established a valid consideration for the promise and made out a *prima facie* case in favor of plaintiff.

The judgment must, therefore, be reversed and judgment directed in favor of plaintiff, with thirty dollars costs of appeal and costs in the court below.

Bijur and Delehanty, JJ., concur.

Judgment reversed, with costs.